# AMERICAN CIVIL LIBERTIES UNION OF WIS-CONSIN INC., Eunice Edgar, Leah Granby, and Rev. Paul Gillespie, Plaintiffs-Appellants,

## v.

# Tommy THOMPSON, as Governor of the State of Wisconsin, and James Klauser, as Secretary of the Department of Administration of the State of Wisconsin, Defendants-Respondents.

Court of Appeals

*No. 88-1877-FT. Submitted on briefs October 12, 1989.—Decided March 29, 1990.*

(Also reported in 455 N.W.2d 268.)

For the plaintiffs-appellants the cause was submitted on the briefs of *Jacobson, O'Dess & Krings,* by *Harry F. Peck* and *Gretchen E. Miller* of Milwaukee.

For the defendants-respondents the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, with *Daniel D. Stier,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, J.J.

GARTZKE, P.J.    The American Civil Liberties Union of Wisconsin, Inc., Eunice Edgar, Leah Granby, and the Reverend Paul Gillespie (plaintiffs) appeal from an order denying their motion to vacate and reenter the

judgment in their civil rights action under 42 U.S.C. sec. 1983 (1982). The issue is whether the judgment is final even though plaintiff's claim for attorney's fees under 42 U.S.C. sec. 1988 (1982) remains unresolved.[1] We conclude it is final and affirm.

Plaintiffs brought their action against the governor and secretary of the department of administration to enjoin and declare unconstitutional the use of the state capitol building for Hanukkah ceremonies and Christmas pageants. The complaint demanded costs and attorney's fees under 42 U.S.C. sec. 1988. On February 1, 1988, the trial court released its memorandum decision barring the Hanukkah ceremonies. The court allowed use of the capitol building for Christmas pageants. It reasoned that Christmas is primarily a secular holiday.

After the court released its memorandum decision, but before it entered judgment, plaintiffs moved for costs and attorney's fees because they had prevailed on the Hannukah issue. On February 23, 1988, the court entered judgment in accordance with its memorandum decision. On March 15, 1988, the parties stipulated to postpone resolution of the attorney's fees issue until

---

[1] 42 U.S.C. sec. 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. sec. 1988 provides in relevant part: "[i]n any action or proceeding to enforce a provision of [42 U.S.C. sec. 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

after plaintiffs' anticipated appeal from the judgment on the Christmas pageant issue.

Plaintiffs never appealed the February 23, 1988 judgment. No notice of its entry had been given to them, and they did not learn within the time allowed for an appeal under sec. 808.04(1), Stats., that the judgment had been entered.[2] After they learned the judgment had been entered, the plaintiffs moved under sec. 806.07, Stats., to vacate the judgment and reenter it.[3] Their announced purpose was to obtain a judgment from which they could timely appeal. The trial court denied their motion, and plaintiffs' appeal from that order is before us.[4]

██

"A final judgment or a final order of a circuit court" is generally appealable as of right to the court of appeals. Sec. 808.03(1), Stats. A trial court cannot extend the time to appeal a final judgment by vacating and reentering the judgment. *Eau Claire County v. Employers Ins.*, 146 Wis. 2d 101, 111, 430 N.W.2d 579, 583 (Ct. App. 1988); sec. 806.07(2), Stats. ("[a] motion under this section does not affect the finality of a judgment").[5]

---

[2]Section 808.04(1), Stats., provides in relevant part:

An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given within 21 days of the judgment or order as provided in s. 806.06(5), or within 90 days of entry if notice is not given . . ..

[3]Section 806.07(1), Stats., permits the court to relieve a party from a judgment for reasons not pertinent to this appeal.

[4]We certified the appeal to the Wisconsin Supreme Court under Rule 809.61, Stats. The supreme court refused certification.

[5]Why plaintiffs received no notice of the judgment is irrelevant to this appeal. As we have said, a trial court cannot vacate and reenter a judgment solely for the purpose of permitting an

445

Accordingly, if the February 23 judgment was final, we must affirm the order denying the motion to vacate and reenter the judgment.

Section 808.03(1), Stats., defines a final judgment or order as one that "disposes of the entire matter in litigation as to one or more of the parties."[6] Because plaintiffs' claim for attorney's fees and costs was not resolved by the February 23 judgment, they argue that the judgment was not final.

We reject plaintiffs' argument. We hold that a judgment resolving the merits of a 42 U.S.C. sec. 1983 action but not an attorney's fee issue under 42 U.S.C. sec. 1988 is final within the meaning of sec. 808.03(1), Stats. We therefore affirm the order denying plaintiffs' motion.

The term "final judgment" in sec. 808.03(1), Stats., "includes judgments or orders which terminate the litigation on the merits and leave nothing to be done but to enforce by execution what has been determined." *Anchor Savings & Loan Ass'n v. Coyle,* 148 Wis. 2d 94, 100, 435 N.W.2d 727, 729 (1989). The *Anchor* court held that a foreclosure judgment is final and appealable as of right even though a later judicial confirmation of the foreclosure sale is anticipated. The court reasoned that confirmation is "analogous to the execution of a judgment and simply enforce[s] the parties' rights which have been adjudicated." *Id.* at 101, 435 N.W.2d at 730

appeal. *Eau Claire County,* 146 Wis. 2d at 111, 430 N.W.2d at 583.

[6]The order denying plaintiffs' motion to vacate and reenter the judgment is final and appealable as of right. The only matter in litigation after the trial court entered judgment was whether the judgment should be vacated and a new judgment entered. The order denying the motion disposed of that entire matter.

(quoting *Shuput v. Lauer,* 109 Wis. 2d 164, 173, 325 N.W.2d 321, 326 [1982]).

Awarding attorney's fees and costs under 42 U.S.C. sec. 1988 is sufficiently comparable to execution on a judgment and confirmation of a foreclosure sale as to require us to hold that reserving the fee issue does not make the judgment nonfinal. In each instance, the merits of the underlying action have been completely adjudicated by the trial court. An order confirming a sale on execution or a foreclosure sale is appealable as a final order. *Shuput,* 109 Wis. 2d at 173–74, 325 N.W.2d at 326–27. Each matter is related to but separate from the underlying action. Attorney's fees awardable in a civil rights action under 42 U.S.C. sec. 1988 "are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial." *White v. New Hampshire Dept. of Empl. Sec.,* 455 U.S. 445, 452 (1982).

██

We conclude the judgment in this case was final and appealable as of right under sec. 808.03(1), Stats.[7]

---

[7]The United States Supreme Court reached a similar result under the federal appeal statute in a case not involving 42 U.S.C. secs. 1983 and 1988. *Budinich v. Becton Dickinson & Co.,* — U.S. —, 100 L. Ed. 2d 178 (1988). The Court held that a final order on the merits is appealable, even though an issue remains concerning attorney's fees under a state fee-shifting statute. 28 U.S.C. sec. 1291 (1982) provides that "all final decisions of the district courts" are appealable to the federal courts of appeals. The *Budinich* Court reasoned that a final decision is generally one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Id.* at 183. "A question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order." *Id.* "[A]

A strong policy disfavors interlocutory, multiple, or piecemeal appeals. *State ex rel. McCaffrey v. Shanks,* 124 Wis. 2d 216, 222, 369 N.W.2d 743, 747–48 (Ct. App. 1985). The provisions of sec. 808.03, Stats., are designed to discourage such appeals. However, multiple appeals may occur under 42 U.S.C. sec. 1988 whether the trial court awards attorney's fees before entering judgment or after an appeal. If the plaintiff prevails at trial, the court may include in its judgment an award of fees under 42 U.S.C. sec. 1988. If the defendant appeals and the plaintiff prevails on appeal, the trial court may award the plaintiff its appellate fees. Either party may appeal the later award, generating a second appeal. If, however, the court postpones a fee award to the plaintiff until after an appeal and the plaintiff prevails on appeal, on remand the court may award fees for both the trial and appellate proceedings. Either party may appeal the award. A second appeal may again result.[8]

Our holding enables a trial court to economize its time by postponing a fee issue under 42 U.S.C. sec. 1988 until after an appeal. If the plaintiff prevails at trial, either party appeals, and the defendant prevails on appeal, the fee issue is moot and the trial court saves the time it would have devoted to awarding fees to plaintiff. If plaintiff prevails on appeal, the trial court can dispose of plaintiff's trial and appellate fees in a single hearing.

---

claim for attorney's fees is not part of the merits of the action to which the fees pertain." *Id.* at 184.

[8]We make no analysis on the assumption the defendant prevails. A prevailing defendant may be awarded fees under sec. 1988 only if "the plaintiff's action was frivolous, unreasonable, or without foundation." *Hughes v. Rowe,* 449 U.S. 5, 14 (1980).

Because we hold that the judgment in this case was final, the trial court's order denying plaintiffs' motion to vacate and reenter the judgment was properly denied. We therefore affirm the order.

*By the Court.*—Order affirmed.