166 Wis.2d 262 (1991)
479 N.W.2d 579
RICHLAND SCHOOL DISTRICT, Petitioner-Appellant-Cross Respondent,[]
v.
DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, EQUAL RIGHTS DIVISION, Respondent,
James RUDER, Respondent-Cross Appellant.
No. 90-1750.
Court of Appeals of Wisconsin.
Oral argument May 16, 1991.
Decided December 19, 1991.
*269 For the petitioner-appellant-cross respondent, Richland School District, the cause was submitted on the briefs of Kirk D. Strang and Kelly Bogart of Godfrey & Kahn of Madison and Green Bay. Oral argument by Kirk D. Strang and Kelly Bogart.
For the respondent, Department of Industry, Labor and Human Relations, Equal Rights Division, the cause was submitted on the briefs of Donald J. Hanaway, attorney general, with Laura Dulski, assistant attorney general. Oral argument by Richard Moriarty.
For the respondent-cross appellant, James Ruder, the cause was submitted on the briefs of Melissa A. Cherney and Kathleen Heiman of Wisconsin Education Association Council of Madison. Oral argument by Melissa A. Cherney.
For the Amicus Curiae, Center for Public Representation, the cause was submitted on the briefs of Susan Brehm and Jacqueline Rolfs of Madison.
*270 For the Amicus Curiae, Wisconsin Association of Manufacturers and Commerce, the cause was submitted on the briefs of Thomas W. Scrivner and Scott C. Beightol of Michael, Best & Friedrich of Milwaukee.
Before Gartzke, P.J., Dykman and Sundby, JJ.
GARTZKE, P.J.
The Department of Industry, Labor and Human Relations issued a make-whole order for lost pay in favor of James Ruder against Richland School District, his employer. The order results from the district's refusal to substitute paid leave Ruder accumulated with the district for unpaid leave he took under the Wisconsin Family and Medical Leave Act (FMLA), sec. 103.10, Stats. The department also ordered the district to pay Ruder $3,075.00 for attorney's fees and costs under the fee-shifting provision in the FMLA, sec. 103.10(12)(d), Stats. The circuit court affirmed the department's order, and the district appeals. We affirm that part of the judgment which affirms the department's judgment.
The circuit court refused to remand to the department to award Ruder attorney's fees incurred in the ch. 227, Stats., review or to make such an award itself. Ruder cross-appeals from that order. We reverse the order by which the court refused to award a fee to Ruder for his circuit court representation. We direct the circuit court to determine and award to Ruder reasonable attorney's fees for his representation in the circuit court and on this appeal.

I. BACKGROUND
The provisions in the FMLA pertinent to the district's appeal are contained in sec. 103.10(5), Stats.:

*271 (a) This section does not entitle an employe to receive wages or salary while taking family leave or medical leave.
(b) An employe may substitute, for portions of family leave or medical leave, paid or unpaid leave of any other type provided by the employer.
The facts are stipulated. Ruder had accumulated eighteen days of reimbursable leave with the district. When he learned that his family would shortly receive placement of their newly-adopted son, he requested a five-day leave to help his family adjust. The FMLA provides that an employe may take family leave on account of placement of a child with the employe for adoption.[1] Section 103.10(3)(b)2., Stats. Family leave taken under the FMLA is unpaid. Section 103.10(5)(a), Stats.
In addition to leave under the FMLA, Ruder asked to substitute five of his eighteen days of accumulated reimbursable leave for unpaid leave under the FMLA. *272 Ruder is covered by the district's collective bargaining agreement with Richland Center Education Association. The agreement provides that "[r]eimbursable leave shall be granted for" several reasons, none of which relates to adoption.
The district granted Ruder five days leave but refused to allow the substitution. Thus, the district granted him unpaid leave. He took the unpaid leave and complained to the department which ordered reimbursement and awarded attorney's fees and costs to him.

II. PARTIES' CONTENTIONS
We summarize the district's contentions as follows:
(1) Ruder is not entitled to reimbursable or paid leave for adoption purposes under the collective bargaining agreement. He has nothing to substitute for adoption leave under the FMLA.
(2) The FMLA plainly provides in sec. 103.10(5)(a), Stats., that an employe has no right to wages or salary while taking family leave. For that reason, Ruder has no right under the FMLA to paid leave for adoption purposes, even if he is entitled to reimbursable leave under the agreement.
(3) For the department to hold otherwise is inconsistent with its own administrative rules.
(4) The department's holding disregards the duty to harmonize the FMLA with the agreement negotiated under the Municipal Employment Relations Act, sec. 111.70, Stats.
(5) The administrative law judge abused his discretion by failing to state whether he relied on a document regarding legislative intent submitted after the facts were stipulated.
*273 (6) Section 103.10(5)(b), Stats., is unconstitutionally vague in that it contradicts the result commanded by subsection (5)(a).
(7) The administrative law judge awarded attorney's fees in the absence of evidence that Ruder incurred actual attorney's fees and failed to supply a supporting rationale for the award.
In his cross-appeal, Ruder contends that the circuit court erred when it held that his request for attorney's fees for his circuit court representation was untimely. He asserts that the court should have remanded to the department to award such fees or the court itself should have made the award.

III. DISTRICT'S APPEAL
A. Standard of Review
[1,2]
The district sought judicial review under sec. 227.52, Stats., our Administrative Procedure Act, and the circuit court affirmed the department. When an appeal is taken to the court of appeals from such a circuit court order, we review the department's decision, even though we affirm or reverse the court order. MPI Wisconsin Machining Div. v. DILHR, 159 Wis. 2d 358, 365-66, 464 N.W.2d 79, 81-82 (Ct. App. 1990). The parties agree that this is a case of first impression. The department does not claim any special expertise in applying the FMLA to these facts. Accordingly, our review of the department's legal conclusions is de novo and without deference to its decision. Sauk County v. WERC, 165 Wis. 2d 406, 414, 477 N.W.2d 267, 271 (1991). We do not defer to the opinion of the circuit court, even though the court's reasoning may assist us. MPI, 159 Wis. 2d at 366, 464 N.W.2d at 82.
*274 [3-6]
The application of the FMLA to the established facts raises only questions of law. Frisch, Dudek and Slattery, Ltd. v. DOR, 133 Wis. 2d 444, 446, 396 N.W.2d 355, 356 (Ct. App. 1986). To apply the FMLA to the facts, we of course must determine its meaning, the legislature's intention when adopting it. We determine the meaning without deferring to the department or the circuit court. MPI, 159 Wis. 2d at 366, 464 N.W.2d at 82. If reasonable persons could not differ regarding its meaning, the FMLA is unambiguous and whether that is the case is a question of law for us to decide. Id. at 367, 464 N.W.2d at 82. Ambiguity is not necessarily present even if the parties, their attorneys and judges disagree regarding the meaning. Standard Theatres, Inc. v. DOT, 118 Wis. 2d 730, 740, 349 N.W.2d 661, 667 (1984).
[7, 8]
If we conclude that the FMLA is unambiguous, we apply the ordinary meaning of its words to the established facts. The words of an unambiguous statute disclose the legislature's intention when adopting it. Because the meaning of sec. 103.10(5), Stats., is plain, we do not use the rules of statutory construction, legislative history or other extrinsic sources as aids to find the legislature's intent. Those aids are used to resolve an established ambiguity, not to create it. Sturgis v. Town of Neenah Bd. of Canvassers, 153 Wis. 2d 193, 198, 450 N.W.2d 481, 483 (Ct. App. 1989).
B. District's Contentions
1. Right to Substitute Leave
[9]
We turn to the district's first contention: that because the collective bargaining agreement fails to provide adoption leave, Ruder has nothing to substitute for *275 adoption leave under the FMLA.[2] On the contrary, Ruder has accumulated leave with the district. Section 103.10(5)(b), Stats., provides that an employe may substitute for portions of family leave under the FMLA, "any other type provided by the employer." (Emphasis added.) Since the collective bargaining agreement provides "other" types of leaveleave for illness, death and court appearancesRuder may substitute for family leave under the FMLA for adoption purposes, the leave provided under the agreement. That is the only reasonable reading of the FMLA. It is unambiguous.
[10]
The district reads sec. 103.10(5)(b), Stats., to do nothing more than allow an employe to substitute for leave under the FMLA leave provided by the employer when and only when the employe is already entitled to leave for that purpose. That reading is unreasonable. It makes superfluous the substitution language in subsection (5)(b). The employe who is already entitled to adoption leave under the collective bargaining agreement would have no reason to utilize family leave under the FMLA for adoption purposes. We can rarely disregard words in a statute as superfluous.[3] We cannot take words out of the FMLA. Niagara of Wisconsin Paper Corp. v. DNR, 84 Wis. 2d 32, 44, 268 N.W.2d 153, 158 (1978).
2. Right to Paid Leave
[11]
We reject the district's second contention: that because sec. 103.10(5)(a), Stats., unambiguously provides *276 that the FMLA does not entitle an employe to wages or salary while taking family leave, even if he has a right of substitution, Ruder is not entitled to paid leave. That reading is unreasonable. It ignores the word "paid" in sec. 103.10(5)(b), Stats. Since an employe may substitute for family leave under the FMLA "paid [leave] ... provided by the employer," the right to payment accompanies the substitution. Ruder had accumulated reimbursable leave"paid" leavewhich subsection (5)(b) allows him to substitute for unpaid family leave under the FMLA.
[12, 13]
The district asserts that absurd consequences follow from our reading of sec. 103.10(5)(a) and (b), Stats. If possible, we should accept a reading that avoids an absurdity. Sturgis v. Town of Neenah Bd. of Canvassers, 153 Wis. 2d 193, 198, 450 N.W.2d 481, 483 (Ct. App. 1989). The first claimed "absurd consequence" exemplifies all the others cited to us. The district asserts that it is absurd to permit an employe to use paid sick leave under the collective bargaining agreement for family leave under the FMLA, such as for adoption purposes, even when the employe is not otherwise entitled to sick leave. That may seem absurd to the employer. The legislature believes otherwise. We understand the legislature's belief to be this: The employe who assigns a greater value to a leave available under the FMLA and not from the employer may substitute other less valued leave available from the employer. By expending the less valued available leave now, the employe loses his or her future enjoyment of it. The substitution is tantamount to an advance draw. In the sick leave example, the employe consumes and gives up sick leave for adoption leave. That is not absurd. It is a matter of valuing present over future enjoyment, a particularly individual *277 choice.[4]
The district argues that poor public policy results from our reading of the FMLA. However, we must accept the legislature's chosen policy. The courts cannot insist on another policy. That would violate a bedrock constitutional principle: the separation of powers between the legislature and the courts. If, as is argued, the statute undermines employer incentives to provide leaves to employes, that is a matter for legislative consideration. If, as is argued, the statutory message is that employers should not provide paid leave unless prepared to have it used for unintended and unnegotiated purposes, that, too, is a matter for the legislature or for negotiation.
3. Decisional Consistency with Administrative Policy and Rules
[14]
The district's third contention is that when the district's dispute arose with Ruder the department's decision was inconsistent with its officially stated policy, within the meaning of sec. 227.57(8), Stats.,[5] and is now inconsistent with an adopted administrative rule. For two reasons we reject the district's argument: first, no *278 conflict exists; second, the statute prevails over the rule if a conflict exists.
We are told that when the dispute arose with Ruder, the department had prepared a draft of what is now Wis. Adm. Code sec. Ind 86.03(1) which proposed that an employe entitled to family leave under the FMLA could substitute other paid or unpaid leave from the employer for which the employe "is eligible so long as the employe has met all requirements entitling that employe to that leave." In its final form, sec. Ind 86.03(1) provides that "an employe entitled to family or medical leave under the act may substitute, for any leave requested under the act, any other paid or unpaid leave which has accrued to the employe."
The district does not explain how in Ruder's case the department's application of the FMLA conflicts with either the draft or final rule promulgated as Wis. Adm. Code sec. Ind 86.03(1). The conflict is not apparent to us. The district has stipulated that when Ruder made his request, he "had accumulated eighteen (18) days of reimbursable leave." Consequently, he was "eligible" for paid leave under the proposed rule. Accumulated leave is "accrued" leave under sec. Ind 86.03(1).
[15]
Moreover, if provisions in the FMLA, sec. 103.10(5)(a) and (b), Stats., conflict with the department's rule (and we do not agree that a conflict exists), the statutory provisions must prevail. As we have said, sec. 103.10(5), Stats., is unambiguous. Wisconsin Adm. Code sec. Ind 86.03(1), in draft or final form, cannot affect our application of it. "No agency may promulgate a rule which conflicts with state law." Section 227.10(2), Stats. An administrative rule "can have no force against the plain language of the statute. The rule-making power does not extend beyond the power to carry into effect the *279 purpose as expressed in the enactment of the legislature. `A rule out of harmony with the statute is a mere nullity.'" Village of Plain v. Harder, 268 Wis. 507, 511, 68 N.W.2d 47, 50 (1955) (citations omitted).
4. Harmonizing FMLA with Labor Agreement
The district asserts that we must harmonize sec. 103.10, Stats., with the collective bargaining agreement which the district negotiated under the Municipal Employment Relations Act, sec. 111.70, Stats. That assertion incompletely states the law. Both the agreement and sec. 111.70 pertain to conditions of employment. "[C]ollective bargaining agreements and statutes also governing conditions of employment must be harmonized whenever possible. When an irreconcilable conflict exists ... the collective bargaining agreement should not be interpreted to authorize a violation of law." Glendale Professional Policemen's Ass'n v. City of Glendale, 83 Wis. 2d 90, 106, 264 N.W.2d 594, 602 (1978).
[16]
The collective bargaining agreement covering Ruder can be harmonized with the FMLA. The agreement provides reimbursable leave for district employes. Section 103.10(5)(b), Stats., expands the circumstances under which that leave can be used. The agreement does not expressly prohibit such expansion. For that reason, it does not directly conflict with subsection (5)(b). We would be loath to interpret the agreement otherwise, since perhaps that would mean the agreement authorizes a violation of law Glendale, 83 Wis. 2d at 106, 264 N.W.2d at 602. Whether that would be true we need not decide. Such an interpretation is avoidable on the facts before us.
*280 5. Late Submitted Document
The district contends that the administrative law judge abused his discretion since it cannot be determined from the record whether and to what extent he relied on a legislative committee document (Ruder submitted the document to the judge with his brief) which was issued long after the FMLA was passed.
[17, 18]
We determine from the record whether an abuse of discretion has occurred. The record is silent on this point. All we have is the brief Ruder submitted to the administrative law judge and the district's response which asserts that administrative notice of the document was "wholly inappropriate." The district could have moved to strike and received a definitive ruling by the administrative law judge regarding the document's use. The record contains no such motion. We cannot find an abuse of discretion on this record.
6. Due Process
[19]
The district contends that sec. 103.10(5), Stats., subsections (a) and (b) contradict each other if subsection (b) authorizes employes to use any paid leave regardless of eligibility while taking family leave under the FMLA. The district concludes that the contradiction makes the statute impossible to understand and it therefore violates due process. But subsection (b) does not contradict subsection (a). The right to substitute "paid or unpaid leave" simply creates an exception to subsection (a). Put another way, the statute allows the employe to convert unpaid leave to paid leave by reason of the substitution.
7. Department's Award of Attorney's Fees
*281 The Wisconsin Education Association Council provided an attorney for Ruder in the proceedings before the department, on the ch. 227 review in circuit court and on his appeal. The affidavit supporting the award of fees by the department fails to assert that Ruder is personally responsible for the expense of his representation. For that reason, the district argues that the department erred when it awarded attorney's fees to Ruder. We disagree.
Section 103.10(12)(d), Stats., provides in part:
If the department finds that an employer violated sub. (11)(a) or (b), it may order the employer to take action to remedy the violation, including ... paying reasonable actual attorney fees to the complainant.
The term "actual attorney fees" in sec. 103.10(12)(d), Stats., does not require that a successful complainant personally incur legal expense. In Martineau v. State Conservation Comm'n, 54 Wis. 2d 76, 194 N.W.2d 664 (1972), the fee-shifting statutes were sec. 32.06(9)(a), Stats. (1971), which provided for "reasonable attorney's fee," and sec. 32.17(3), Stats. (1971), which provided for "reasonable actual attorney's fees." Appellant had a contingent fee contract with her attorneys. The state argued that it should not be assessed fees appellant was not required to pay. Although it denied fees on other grounds, the Martineau court appears to have interpreted sec. 32.17(3), Stats. (1971), to allow an award of attorney's fees even if a party has no obligation to pay his or her reasonable fees. Martineau, 54 Wis. 2d at 81, 194 N.W.2d at 667. In Esch v. Yazoo Mfg. Co., 510 F. Supp. 53 (E.D. Wis. 1981) (mem.), the plaintiffs' fee arrangement called for a contingent fee greater than one based on the hourly market rate. The court held that *282 "actual" means that fees should be based on the hourly rate, subject to the reasonableness test. Id. at 58-59.
[20]
In light of Martineau and Esch, we conclude that "actual attorney fees" in sec. 103.10(12)(d), Stats., refers to how a fee award is computed. The term does not preclude an award when the successful complainant is represented by counsel furnished at no personal expense.
Courts may award attorney's fees to a party represented by an organization without charge. Shands v. Castrovinci, 115 Wis. 2d 352, 361, 340 N.W.2d 506, 510 (1983); see also Blum v. Stenson, 465 U.S. 886, 895 (1984) (fees may be awarded under 42 U.S.C. sec. 1988 to prevailing party represented by non-profit counsel). In such circumstances, the award belongs to the organization which provided counsel. Shands, 115 Wis. 2d at 361, 340 N.W.2d at 510.
The district asserts that because the administrative law judge failed to explain why he awarded attorney's fees, he abused his discretion. We disagree. He explained why he made the award. He did so by expressly relying on the briefs, and we may look to the briefs for his reasons. An adequate rationale exists for a discretionary decision when the decision maker relies on reasons supplied by counsel on the record. See Hagenkord v. State, 100 Wis. 2d 452, 464, 302 N.W.2d 421, 428 (1981) (no abuse of discretion where trial court did not expressly articulate a rationale but acquiesced in the prosecutor's explanation).
[21]
Ruder's brief relied on Watkins v. LIRC, 117 Wis. 2d 753, 345 N.W.2d 482 (1984). The Watkins court articulated reasons to award attorney's fees under the Wisconsin Fair Employment Act, secs. 111.31-111.395, Stats. (1981-82), even though that Act failed expressly *283 to authorize the award. The Watkins court noted that an individual who brings an action to enforce a statutory right may be acting as a "private attorney general" to enforce the public's rights under the statute. 117 Wis. 2d at 764, 345 N.W.2d at 488. The Watkins court noted that "it is evident that the authority to award reasonable attorney's fees to a prevailing complainant is necessary in order to fully enforce and give meaning to the rights created by the Act .... To enforce the rights guaranteed under the Act, assistance of counsel is fundamental." Id. at 765, 345 N.W.2d at 488. The reasoning of the Watkins court provides a rationale for the administrative law judge's decision to award fees. We conclude that he properly exercised his discretion.[6]
C. Conclusion As to District's Appeal
Having found no merit to the district's appeal from the judgment affirming the department's order, we affirm the judgment.

IV. RUDER'S CROSS-APPEAL
[22]
After the circuit court released its opinion favorable to him and before the order affirming the department was entered, Ruder asked the court to remand to the department to determine and award him attorney's fees for representation in that court. The court refused on grounds that those determinations should be made by *284 the court before which the services were provided. We agree.
[23]
We recognize that the FMLA, sec. 103.10(12)(d), Stats., provides that the "department ... may order the employer" to pay attorney's fees. However, a statute authorizing fee-shifting at one level of litigation does not prevent an award at a higher level. Sheely v. DHSS, 150 Wis. 2d 320, 339-40, 442 N.W.2d 1, 10 (1989); Shands v. Castrovinci, 115 Wis. 2d 352, 359, 340 N.W.2d 506, 509 (1983); Siegel v. Leer, Inc., 156 Wis. 2d 621, 632-33, 457 N.W.2d 533, 538 (Ct. App. 1990). If a fee award is made on one level, success at the next level of litigation is as essential as success at the first level. Shands, 115 Wis. 2d at 359, 340 N.W.2d at 509. In Siegel, we held that sec. 135.06, Stats., which allowed recovery of "the actual costs of the action, including reasonable actual attorney fees," covered fees on appeal as well as fees before the circuit court. We said that "[i]f attorney's fees are not recoverable on appeal, the purpose behind the statute could be frustrated by the grantor simply taking an expedient appeal." Siegel, 156 Wis. 2d at 633, 457 N.W.2d at 538.
We reject the district's argument that because Ruder was not a "necessary party," he is not entitled to attorney's fees incurred for representation before the circuit court. We assume the argument is based on sec. 165.25(1), Stats., which provides in substance that the Department of Justice may appear for and represent a state agency in civil matters.
Whether Ruder was a "necessary party" to the ch. 227 review before the circuit court is irrelevant. He had a statutory right to participate in the review. Section 227.53(1)(d), Stats. More to the point, he had an important interest in protecting the department's make-whole *285 order and fee award under review. He could, of course, have relied upon the representation provided by the Department of Justice. But having the right to participate to protect his interest, he had the right to do so through counsel and therefore is entitled to fees before the court. Compare EEOC v. Sage Realty Corp., 521 F. Supp. 263, 269 (S.D.N.Y. 1981) (plaintiff who intervened in action brought by Equal Employment Opportunity Commission for unlawful discharge and sex discrimination "should not be denied reasonable attorneys' fees because certain aspects of the litigation handled by her counsel could have been handled by the EEOC").
[24]
We conclude that Ruder, as the complainant in a Family-Medical Leave matter, may recover attorney's fees for successful representation in the circuit court on review of the department's order and the circuit court should determine and award the fee.
However, the circuit court ruled that Ruder's failure to timely request an award and failure earlier to present evidence on his fees "preclude[d]" the court from determining the fee issues. We conclude that the court erred.
[25]
Ruder's right to an award of attorney's fees for representation in this ch. 227 review is a court-created right. Having created the right and in the absence of legislation, the court may establish time limits for requesting an award and proving an evidentiary basis for it. See Jacobson v. Avestruz, 81 Wis. 2d 240, 245, 260 N.W.2d 267, 269 (1977) (courts have the power to provide process where none exists).
[26]
The limit on the request to the circuit court and proving a basis for it is a reasonable time after the court enters a final order or judgment on the merits favorable *286 to the requester. Only then will the requester know that the litigation has terminated and that the requester has prevailed. For the same reason, the request or its determination may be postponed until a reasonable time has elapsed after appellate review has been exhausted or barred by the lapse of time. If the request is made before the appellate process ends or is unavailable, judicial efficiency will justify the circuit court's postponing consideration of the request until that court and the litigants know whether the requester has ultimately prevailed.
[27]
Our ruling applies the reasoning and holding in ACLU v. Thompson, 155 Wis. 2d 442, 455 N.W.2d 268 (Ct. App. 1990). In that case we held that a circuit court could postpone an award of attorney's fees in a civil rights action brought under 42 U.S.C. sec. 1983 without depriving its order or judgment on the merits of finality and appealability. ACLU, 155 Wis. 2d at 446, 455 N.W.2d at 270. We said that postponing the award is consistent with the strong policy disfavoring interlocutory, multiple or piecemeal appeals and helps the circuit court to economize its time. Id. at 448, 455 N.W.2d at 271. We noted that making the award before a final order or judgment is entered is unnecessary, since the fee determination is separate from the underlying action. Id. at 447, 455 N.W.2d at 270. Thus, the corollary to ACLU is that the circuit court is not precluded from determining an award for fees on a request made even after a final order or judgment is entered and even if the requester failed to prove up the award before that time.
Our ruling is also consistent with federal precedent. Under federal law, a postjudgment motion for attorney's fees under a fee-shifting statute is untimely if the delay is undue and prejudicial. Gautreaux v. Chicago Housing Authority, 690 F.2d 601, 612 (7th Cir. 1982), cert. *287 461 U.S. 961 (1983). See Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir. 1983) (motion for fees timely when filed 101 days after judgment); Inmates of Allegheny County Jail v. Pierce, 716 F.2d 177, 179 (3rd Cir. 1983) (motion for fees timely when filed six months after final hearing).
[28]
Ruder's request was timely under our ruling.[7] He could not know with certainty before the circuit court's decision whether he would prevail at that level. To have proved up his fees before the court made its decision could have been futile and a waste of time. Indeed, the court could have properly postponed action on the award, since neither the court nor Ruder could have known whether an appeal would be taken and what the result would be.
[29]
Ruder has requested that we award him reasonable attorney's fees on his appeal. We do so. Palfrey v. DHSS, 163 Wis. 2d 405, 419, 471 N.W.2d 295, 301 (Ct. App. 1991). We remand to the circuit court to determine fees on appeal as well as on review in the circuit court.
By the Court.Judgment affirmed; order denying attorney's fees reversed and cause remanded with directions.
NOTES
[] Petition to review granted.
[1] In a letter to the author, Professor Walter B. Raushenbush of the University of Wisconsin Law School explains why chapters 101 through 108, Stats., refer to "employe" when many well-meaning lawyers and judges refer to "employee":

My father, Paul A. Raushenbush, drafted most of the original legislation [for ch. 108] in 1930-31, and most of the amendments through the mid-1960's. He was director of Wisconsin's Unemployment Compensation Department (under the then Industrial Commission) from roughly 1934 to 1967. I well remember being aware that he strongly favored the spelling with "e"" employe." And I recall asking him why, when "employee" was surely the more common spelling. His answer was that the statutes must avoid confusion between worker and employer. Since "e" and "r" are right next to each other on the typewriter keyboard, there's a real risk that "employer" might be typed "employee," and vice-versa. The confusion which this might cause could best be avoided, he said, by using "employe."
We use "employe" in this opinion to honor Paul Raushenbush for his meticulous drafting.
[2] This contention pertains only to leave, not to paid leave. The district's second contention covers paid leave.
[3] We can sometimes ignore words when we conclude that the legislature "dropped [a] stitch." Scharping v. Johnson, 32 Wis. 2d 383, 393-94 n.6, 145 N.W.2d 691, 697 n.6 (1966).
[4] Whether the employe substitutes paidleave for unpaid leave is not part of the sick leave example.
[5] Section 227.57(8), Stats., provides:

The court shall reverse or remand the case to the agency if it finds that the agency's exercise of discretion is outside the range of discretion delegated to the agency by law; is inconsistent with an agency rule, an officially stated agency policy or a prior agency practice, if deviation therefrom is not explained to the satisfaction of the court by the agency; or is otherwise in violation of a constitutional or statutory provision; but the court shall not substitute its judgment for that of the agency on an issue of discretion.
[6] To the extent the district challenges the award on grounds that the affidavits merely set forth hours of legal work and an hourly rate, we find no merit in it. The record discloses no demand by the district for other evidence to support the facts described in the affidavit or for the right to cross-examine the affiant or present evidence in opposition to the award.
[7] Ruder requested fees 41 days after the court's decision.