Carole F. EDLAND, Dr. Robert W. Edland and Economy Preferred Insurance Company, Plaintiffs-Appellants,

v.

WISCONSIN PHYSICIANS SERVICE INSURANCE CORPORATION, Defendant-Respondent.

Supreme Court

*No. 96–1883. Submitted on briefs April 10, 1997.—Decided June 12, 1997.*

(Also reported in 563 N.W.2d 519.)

For the plaintiffs-appellants there was a brief (in the Supreme Court) by *Robert D. Johns, Jr.* And *Johns & Flaherty, S.C.*, La Crosse.

For the defendant-respondent there was a memorandum (in the Court of Appeals) by *Terry J. Booth* and *Fellows, Piper & Schmidt*, Milwaukee.

¶ 1. ANN WALSH BRADLEY, J. The court of appeals, by certification, asks us to determine whether the circuit court may extend the statutory time to appeal by vacating and reentering an order which it intended but failed to mail to the parties. Although the parties stipulate that the circuit court may vacate and reenter its order in this case, the court of appeals has raised the issue on its own. We conclude that when the record demonstrates the circuit court's intention to send notice of an order to the parties, and the court subsequently acknowledges its mistake in failing to

send such notice, it may effectively extend the time to appeal by vacating and reinstating its unnoticed order. Accordingly, without reaching the substantive issues raised in this case, we affirm the order of the circuit court which vacated and reinstated the October 9, 1995 order.

¶ 2.    The relevant facts are procedural in nature, and are not in dispute. The plaintiffs, Carole F. Edland, Robert W. Edland, and Economy Preferred Insurance Company (EPIC), filed a declaratory judgment action seeking a determination of the subrogation rights of the defendant, Wisconsin Physicians Service Insurance Corporation, to the Edlands' underinsured motorist coverage provided by EPIC.

¶ 3.    On October 9, 1995, the La Crosse County Circuit Court, John J. Perlich, Judge, entered a "Memorandum Decision and Order" addressing the substantive issues in this case.[1] At the end of the order appeared the following:

    cc:   Attorney Robert D. Johns, Jr.
          Attorney Terry J. Booth

Despite its contrary intention, the circuit court did not mail the order to the above-named attorneys.[2] Only after the 90-day statutory time limit for appeal passed did the parties and their attorneys become aware of the earlier entry of the order.[3]

---

[1] We assume without deciding that the October 9, 1995 order was final for purposes of appeal. *See* Wis. Stat. § 808.03(1) (1995–96). Unless otherwise indicated, all future statutory references are to the 1995–96 volume.

[2] Attorney Johns represents the Edlands and EPIC. Attorney Booth represents Wisconsin Physicians Service Insurance Corporation.

[3] *See* Wis. Stat. § 808.04(1), which provides:

¶ 4. Within two months of learning of the entered order, the plaintiffs filed a motion requesting that the circuit court vacate and reinstate the October 9, 1995 order pursuant to Wis. Stat. § 806.07(1)(a).[4] The defendant did not oppose the motion. The court granted the motion to vacate and reenter the order, stating that it had mistakenly failed to send the decision and order to the parties, that both parties agreed on the relief to be granted, and that the relief was appropriate because the mistake was committed by the court rather than the parties. A written order was entered the following day, and judgment was entered on June 26, 1996. The plaintiffs then appealed the circuit court's order addressing the substantive issues in this case.

¶ 5. In a *sua sponte* review of its jurisdiction, the court of appeals directed the parties to submit memoranda addressing whether the plaintiffs' failure to file a timely appeal from the circuit court's October 9, 1995 order deprived the court of appeals of jurisdiction over the appeal. After the parties submitted memoranda on

An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given within 21 days of the judgment or order as provided in s. 806.06(5), or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law.

[4] Wis. Stat. § 806.07(1)(a) provides in part:

**Relief from judgment or order. (1)** On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect. . .or

(h) Any other reasons justifying relief from the operation of the judgment.

the issue, the court of appeals certified the case to this court.

¶ 6. This court takes a slightly different view of the issue on appeal from that certified by the court of appeals.[5] We see the question as follows: If the record demonstrates that the circuit court intended to send notice of an order to the parties, and the court subsequently acknowledges its failure to carry out its earlier expressed intention, may the court effectively extend the time to appeal by vacating and reinstating its unnoticed order under § 806.07(1)(a)?

¶ 7. Rulings on motions under § 806.07 are reviewed under an erroneous exercise of discretion standard. *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 541, 363 N.W.2d 419 (1985). A court erroneously exercises its discretion when its decision is based upon an error of law. *Id.* at 542. Applying that standard to this case, we will uphold the circuit court's grant of the

---

[5] The court of appeals certified the following issues:

1. Is the circuit court required by § 801.14(1), Stats. to serve its decision on the parties? If so, does the court's failure to do so have any effect on the operation of the statutes governing the time to appeal, or provide a basis for vacating the judgment on the ground of mistake under § 806.07(1)(a), Stats?

2. May a circuit court effectively extend the time to appeal by vacating and reentering a judgment using § 806.07(1)(h), Stats., which allows relief from the judgment for "any other reason"? If so, under what circumstances, and should the court's decision in this case be affirmed on that ground?

3. Is the appellant deprived of property without due process of law when the time to appeal commences with entry of a decision which the appellant does not receive?

The court of appeals also noted that depending upon the answers, a decision on all three certified questions may not be necessary.

plaintiffs' motion under § 806.07(1)(a) if the statute authorizes relief from an order for the reasons provided by the circuit court. This court interprets a statute under a *de novo* standard, without deference to the decision of the court of appeals or circuit court. *Stockbridge School Dist. v. DPI*, 202 Wis. 2d 214, 219, 550 N.W.2d 96 (1996).

¶ 8.  Section 806.07 attempts to achieve a balance between fairness in the resolution of disputes and the policy favoring the finality of judgments. *State ex rel. M.L.B*, 122 Wis. 2d at 542 (citing Graczyk, *The New Wisconsin Rules of Civil Procedure, Chapters 805–807,* 59 Marq. L. Rev. 671, 727 (1976)). The statute enhances fairness in the administration of justice by authorizing a circuit court to vacate judgments on various equitable grounds. Section 806.07(1)(a) furthers the policy favoring finality by limiting the time period for motions under that section to the shorter of one year or a reasonable amount of time after a judgment or order is entered. *See* § 806.07(2); *Rhodes v. Terry*, 91 Wis. 2d 165, 171, 280 N.W.2d 248 (1979).

¶ 9.  By including at the end of the October 9, 1995 order a carbon copy signal naming the parties' attorneys, the circuit court evinced in the record an intent to send notice of the order to the parties. There is no dispute that the court mistakenly failed to carry out its intent to provide such notice. The order vacating and reinstating the original order provides:

> A copy of the order was to be sent to both counsel. Through an oversight, it was not. Accordingly, the parties have asked that this Court vacate that order and reinstitute the order as of this date, so that various appellate issues can be eliminated. Such an order is appropriate since the mistake was the

Court's, not the parties, and since both parties have stipulated.

¶ 10. In light of the circuit court's intention, reflected in the record, to send notice of its decision and order to the parties, and its subsequently acknowledged mistake in failing to send the notice, we conclude that such failure constitutes a "mistake" for purposes of § 806.07(1)(a).[6] As noted in the request for certification, however, there are prior decisions of the court of appeals which arguably preclude the circuit court from effectively extending the time to appeal by vacating and reinstating an order under § 806.07(1)(a).

¶ 11. In *Eau Claire County v. Employers Ins.*, 146 Wis. 2d 101, 430 N.W.2d 579 (Ct. App. 1988), the circuit court entered separate judgments dismissing the plaintiff's claims against its insurers. The first judgment was entered on June 25, 1987, and dismissed the plaintiff's claims against Insurer A. *Id.* at 106. Insurer A notified the plaintiff of the judgment, and the plaintiff was thereby required to file a notice of appeal within 45 days of entry of judgment. *See* § 808.04(1). The second judgment was entered on July 20, and dismissed the plaintiff's claim against Insurer B. Insurer B also notified the plaintiff of the entry of judgment. Laboring under the erroneous belief that the two judgments had to be combined in a single appeal, the plaintiff waited until August 14 to file a notice of appeal from both the June 25 and July 20 judgments.

¶ 12. Insurer A filed a motion to dismiss the appeal based upon the plaintiff's failure to file within

---

[6] We do not reach the issue of whether the circuit court was *required* to provide the parties with copies of its memorandum decision and order.

45 days of the June 25 judgment. The plaintiff then filed in the circuit court a motion to vacate the earlier judgments, which the court granted under § 806.07(1)(h). *Eau Claire County*, 146 Wis. 2d at 108. The circuit court later entered a consolidated judgment similar in substance to the earlier judgments. Insurer A appealed.

¶ 13. The court of appeals held that the circuit court erroneously exercised its discretion in granting the plaintiff's motion to vacate. The court reasoned:

> Under the circumstances, therefore, we conclude that sec. 806.07(1)(h) does not authorize the trial court to essentially expand the time for appeal when the time for such appeal ha[s] passed. We do not decide whether sec. 806.07(1)(h) may be used under some other set of facts to consolidate separate judgments outside the specified time limits. However, insufficient cause is offered in the present case to justify an exception to the strong policy behind the finality of judgments. The inaction and assumptions relied upon are far from the "extraordinary circumstances" recognized as a basis for reopening a final judgment under sec. 806.07(1)(h), and do not justify the court stepping in to mitigate the situation.

*Id.* at 111.

¶ 14. The *Eau Claire County* court did not create a blanket proscription against extending the time to appeal by vacating and reinstating a judgment. Indeed, such a proscription would be inconsistent with the normal operation of the statute, since vacating an order and entering another will invariably start anew the time period for appeal.

¶ 15. The instant case presents facts different from those in *Eau Claire County*. In *Eau Claire County*,

the plaintiff received notice of the judgment well before the expiration of the appeal period. Here, none of the parties had notice of the order until after the appeal period expired. In *Eau Claire County*, the plaintiff's misunderstanding of procedure resulted in a failure to file a timely notice of appeal. Here, the record demonstrates, and the circuit court has acknowledged, that the plaintiffs' failure to file a timely notice of appeal was the result of the court's error alone. We conclude that these factual distinctions render *Eau Claire County* inapplicable to the present case.

¶ 16.   The facts in *ACLU v. Thompson*, 155 Wis. 2d 442, 455 N.W.2d 268 (Ct. App. 1990), are closer to those of the instant case. In *ACLU*, the plaintiffs received no notice that a final judgment had been entered against them, and so failed to file a notice of appeal within the time prescribed by § 808.04(1). The court of appeals affirmed the circuit court's denial of the plaintiffs' motion to vacate and reinstate the judgment under §§ 806.07(1)(a) & (h). Citing *Eau Claire County*, the court of appeals reasoned that "a trial court cannot vacate and reenter a judgment solely for the purpose of permitting an appeal." *ACLU*, 155 Wis. 2d at 445 n. 5. Moreover, the reason "[w]hy plaintiffs received no notice of the judgment is irrelevant. . . ." *Id.*

¶ 17.   The *ACLU* court correctly held that a circuit court has no authority to vacate and reenter an order or judgment when its sole basis for doing so is the unadorned desire to allow an appeal. Considerations of finality militate strongly against resuscitating a case after the time for appeal has expired. The orderly administration of justice is enhanced by a definite starting and ending point for litigation. The time limitations on appeal provide such conclusiveness. Moreover, prevailing parties reasonably relying on the

finality of an order or judgment may often be prejudiced by the reopening of a case after the time for appeal has expired.

¶ 18. However, there is no blanket proscription against vacating and reentering an order or judgment. We conclude that under the circumstances of this case, the circuit court's mistake constitutes a compelling equitable consideration under § 806.07(1)(a) which outweighs the goal of finality and provides a basis for effectively extending the time to appeal. We therefore overrule that portion of *ACLU* which stands for the proposition that regardless of the reason, a court can never effectively extend the time period for appeal by vacating and reentering an order or judgment.

¶ 19. Our holding in this case is a narrow one. Here, the mistake was one committed by the circuit court alone, and that court has acknowledged committing the mistake. The circuit court's mistake is evidenced by more than an after-the-fact acknowledgment by the court; the carbon copy signal at the end of the order demonstrates in the record that when the order was written, the court intended to mail notice to the parties. For these reasons, we conclude that the circuit court did not erroneously exercise its discretion by granting the plaintiffs' § 806.07(1)(a) motion. We therefore affirm the circuit court's order which vacated and reinstated the October 9, 1995 order. We do not reach the substantive issues raised in this case. Rather, we remand to the court of appeals for further proceedings.

*By the Court.*—The order of the circuit court is affirmed and the cause is remanded.