Dean MᴄCᴏɴʟᴇʏ, Plaintiff-Appellant,

v.

T. C. Vɪsɪᴏɴs, Iɴᴄ. and Thomas G. Reichenberger,
Defendants-Respondents.

Court of Appeals

*No. 2016AP671. Submitted on jurisdiction memoranda
June 16, 2016.—Decided August 4, 2016.*

2016 WI App 74

On behalf of the plaintiff-appellant, the cause was submitted on the memorandum of *Victor Arellano* of *Arellano & Phebus S.C.*, Middleton.

On behalf of the defendants-respondents, the cause was submitted on the memorandum of *William E. Morgan* of *Murphy Desmond S.C.*, Madison.

Before Kloppenburg, P.J., Sherman, and Blanchard, JJ.

¶ 1. PER CURIAM. Dean McConley appeals an order granting summary judgment and dismissing his complaint against T.C. Visions, Inc. and Thomas G. Reichenberger (collectively T.C. Visions). After entry of the dismissal order, T.C. Visions moved for an assessment of attorney fees based on the contracts between the parties allowing the prevailing party in any litigation relating to the contracts to recover reasonable attorney fees against the non-prevailing party. Because of the pending claim for attorney fees, we questioned whether the appeal is taken from a final order that is appealable as of right under Wis. Stat. § 808.03(1) (2013–14),[1] and the parties were required to file jurisdiction memoranda. The parties agree that the contractual entitlement to attorney fees is simply a taxation of costs under Wis. Stat. § 806.06(1)(c) and (4), and that the pending claim for attorney fees does not preclude the dismissal order from being a final order appealable as of right. We agree and confirm appellate jurisdiction.

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

¶ 2. McConley's complaint alleged that T.C. Visions breached contracts giving McConley an ownership stake in the corporation and committed fraud in inducing McConley to enter into the contracts. T.C. Visions' answer to the complaint requested dismissal of the complaint and an order awarding "costs, expenses and attorney's fees as permitted by law and pursuant to the contracts entered into between the Parties." The circuit court granted T.C. Visions' motion for summary judgment and dismissed the complaint with prejudice. The dismissal order, entered February 22, 2016, states that it is a final order under WIS. STAT. § 808.03(1) for purposes of appeal. On March 8, 2016, T.C. Visions moved for an assessment of costs of $1,000.11 and attorney fees of $19,258.25. An affidavit attached to the motion explains that attorney fees are sought under the two contracts between the parties. McConley filed a notice of appeal from the dismissal order on March 30, 2016. The record does not reflect any ruling on the motion for attorney fees.

¶ 3. An appeal as of right can be taken only from a final order or judgment. WIS. STAT. § 808.03(1). An order or judgment is final if it disposes of the entire matter in litigation as to one or more of the parties. *Id.* The finality requirement is designed to discourage multiple or piecemeal appeals. *Campbell v. Campbell*, 2003 WI App 8, ¶ 10, 259 Wis. 2d 676, 659 N.W.2d 106. "[T]his court lacks jurisdiction over an appeal brought from a nonfinal judgment or order." *Leske v. Leske*, 185 Wis. 2d 628, 630, 517 N.W.2d 538 (Ct. App. 1994).

¶ 4. It is the duty of this court, notwithstanding the fact that no party has raised the issue, to take notice of its jurisdiction and dismiss an appeal if taken

from a nonappealable order. *Coleman v. Percy*, 96 Wis. 2d 578, 587, 292 N.W.2d 615 (1980), *Mack v. Joint Sch. Dist. No. 3*, 92 Wis. 2d 476, 484, 285 N.W.2d 604 (1979). Although the circuit court's dismissal order states that it is a final order for purposes of appeal, that statement is not controlling if in fact the order does not dispose of the entire matter in litigation as to one or more of the parties. *See Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶ 46 n.19, 299 Wis. 2d 723, 728 N.W.2d 670 ("there may be cases in which a document states that it is final for purposes of appeal under § 808.03(1), but does not actually 'dispose[] of the entire matter in litigation as to one or more of the parties' as required by § 808.03(1). Such a document cannot be a final order or final judgment under the plain language of the statute."). The finality of an order for purposes of appeal is a question of law. *Id.*, ¶ 14.

¶ 5. *Leske*, 185 Wis. 2d at 633, holds that "the pendency of a claim for attorney's fees under a specific fee-shifting statute does not render a judgment or order nonfinal, provided that the judgment or order disposes of all of the substantive causes of action between the parties." *See also Hartman v. Winnebago Cty.*, 216 Wis. 2d 419, 434, 574 N.W.2d 222 (1998) ("an award of attorneys' fees based upon the status of a prevailing party is a consideration separate from the underlying merits of the cause of action" and the judgment was final even though claim for attorney fees under 42 U.S.C. § 1983 remained pending); *Campbell*, 259 Wis. 2d 676 (order resolving child support dispute was final even though the issue of attorney fees under Wis. Stat. § 767.262 (1999–2000) remained pending); *Laube v. City of Owen*, 209 Wis. 2d 12, 13, 561 N.W.2d 785 (Ct. App. 1997) (order final even though request for

litigation expenses under Wɪs. Sᴛᴀᴛ. § 32.28 remained pending). However, T.C. Visions' request for attorney fees is not under a fee-shifting statute but is based on contract.[2]

¶ 6. In *Admiral Insurance Co. v. Paper Converting Machine Co.*, 2012 WI 30, ¶ 35, 339 Wis. 2d 291, 811 N.W.2d 351, the Wisconsin Supreme Court suggested that a claim for attorney fees based on "an asserted contractual right or other theory of law" might take the claim outside the rule set forth in *Leske*. Admiral appealed a judgment entered July 8, 2009. *Id.*, ¶¶ 18, 19. The Court of Appeals determined that a March 26, 2009 order dismissing the case was the final order, which triggered the time for appeal, and dismissed the appeal as untimely filed. *Id.*, ¶ 21. A counterclaim[3] for attorney fees remained pending after entry of the March 26, 2009 dismissal order. *Id.*, ¶ 17. To avoid dismissal of the appeal, Admiral argued that the pending claim for attorney fees rendered the March 26, 2009 dismissal order nonfinal and not appealable as of right. *Id.*, ¶¶ 22, 31. The court held that because it could not evaluate whether the counterclaim for attorney fees was based on a contractual

---

[2] T.C. Visions' motion seeks an order granting attorney fees under Wɪs. Sᴛᴀᴛ. § 814.045. That provision is not a fee-shifting statute. Section 814.045 merely outlines various factors the circuit court shall consider "in any action involving the award of attorney fees that are not governed by s. 814.04(1) or involving a dispute over the reasonableness of attorney fees."

[3] In its answer to the complaint, the defendant in *Admiral Insurance Co. v. Paper Converting Machine Co.*, 2012 WI 30, ¶ 15 n.8, 339 Wis. 2d 291, 811 N.W.2d 351, asserted a claim for attorney fees under Wɪs. Sᴛᴀᴛ. § 806.04(8), the Uniform Declaratory Judgment Act. Although the claim for attorney fees was not specifically designated as a counterclaim, the Wisconsin Supreme Court treated it as such. *Admiral*, ¶ 15 n.8.

right or other theory of law, the March 26, 2009 dismissal order was nonfinal because it did not unambiguously dispose of the entire matter in litigation when the attorney fee claim remained pending. *Id.*, ¶¶ 35–36. The court construed the ambiguity in favor of preserving the right of appeal. The court reasoned that deeming the circuit court's dismissal order as a final order would have had the effect of depriving Admiral of the right to appellate review of the merits of dismissal. On this basis, the court concluded that Admiral's appeal was timely taken from the judgment entered after attorney fees were determined. *Id.*, ¶ 36.

¶ 7. *Admiral* determined that an order disposing of the substantive claims between the parties but leaving a claim for attorney fees based on contract or other theory of law was ambiguous as to whether it was a final order for purposes of appeal. Here we raised the question of appellate jurisdiction because T.C. Visions, like the defendant in *Admiral*, asserted a claim for attorney fees in its answer to the complaint. T.C. Visions seeks an award of attorney fees pursuant to the contracts between the parties. We now consider whether an unresolved claim for attorney fees based on contract means the dismissal order is nonfinal and not appealable as of right. As we explain, we conclude that the dismissal order here is a final order appealable of right.[4]

---

[4] In the past, this court has dismissed appeals as prematurely filed when a claim for attorney fees not based on a fee-shifting statute remained pending when the appeal was taken. Dismissal was in accordance with the mandate to construe ambiguities about finality in favor of the right to appeal, as discussed in ¶ 6 *supra*. *See Admiral*, 339 Wis. 2d 291, ¶ 28.

¶ 8. The parties point to *Purdy v. Cap Gemini America, Inc.*, 2001 WI App 270, 248 Wis. 2d 804, 637 N.W.2d 763. *Purdy*, ¶ 20, holds that when a party prevails in a contract action and the contract allows for the recovery of attorney fees, those fees must be timely applied for under WIS. STAT. § 806.06(4), which requires perfection of the judgment by the taxation of costs within thirty days of entry to avoid forfeiture of the right to recover costs. The court concluded that attorney fees based on a contract are "costs" taxable under WIS. STAT. § 814.04(2). *Purdy*, ¶¶ 13, 15. *Purdy*, ¶ 15, concludes that there is no distinction between a claim for attorney fees based on a contract as opposed to one based on a statute. When the recovery of attorney fees is authorized by a statute or a contract, the attorney fees are litigation "disbursements and fees allowed by law" as set forth in § 814.04(2). *Purdy*, ¶¶ 13, 15.

■■■

¶ 9. It remains a "longstanding holding that the pendency of a claim for costs and fees does not affect the appealability of a judgment that otherwise disposes of the matters in litigation." *Admiral*, 339 Wis. 2d 291, ¶ 33 n.14. Thus, the prevailing party's pending claim for attorney fees incurred in the litigation and payable under a contract between the parties to the litigation does not affect the appealability of an order or judgment that otherwise disposes of the matter in litigation.[5]

---

[5] We clarify, however, that there is no final and appealable order or judgment if there is a need for further litigation on attorney fees when the fees are *damages*. Attorney fees incurred in the pending litigation taxable as costs are distinct from attorney fees that may be claimed as an element of damages. *See e.g. Roehl Transp., Inc. v. Liberty Mut. Ins. Co.*, 2010 WI 49, ¶ 184, 325 Wis. 2d 56, 784 N.W.2d 542 (in a bad

¶ 10. We recognize that multiple appeals may result when an appeal is taken from a final judgment or order disposing of the matter in litigation when the claim for attorney fees remains pending. There can be substantive disputes about a party's entitlement to attorney fees or the reasonable amount of the fees, and those disputes can involve the merits of the case. *See Purdy*, 248 Wis. 2d 804, ¶ 15 (contests over the entitlement to fees or reasonable amount thereof can be addressed within the context of WIS. STAT. §§ 806.06(4) and 814.10), *Laube*, 209 Wis. 2d at 15–16 ("[a]ny time attorney fees are requested, the opposing side may dispute the necessity of some of the work requiring the court to consider the merits of the case."). In some cases a second appeal will be taken from the determination of the attorney fee issue. *See ACLU v. Thompson*, 155 Wis. 2d 442, 448, 455 N.W.2d 268 (Ct. App. 1990), *overruled on other grounds by Edland v. Wisconsin Physicians Serv. Ins. Corp.*, 210 Wis. 2d 638, 563 N.W.2d 519 (1997) (multiple appeals may occur whether attorney fees are awarded before entering judgment or after an appeal). In light of the statutory times relating to the perfection of the judgment— § 806.06(4) requires the perfection of the judgment within thirty days, § 814.10(1) and (3) obligate the clerk of the circuit court to tax costs upon three days' notice to the opposing party unless taxation is adjourned due to objections, and § 814.10(4) requires a

---

faith case attorney fees are awarded as part of compensatory damages); *City of Cedarburg Light & Water Comm'n v. Glens Falls Ins. Co.*, 42 Wis. 2d 120, 125, 166 N.W.2d 165 (1969) (recognizing that if a breach of contract is the cause of litigation between the plaintiff and third parties that the defendant had reason to foresee when the contract was made, the plaintiff's reasonable expenditures in such litigation are part of his damages for the breach).

motion for court review of the taxed costs within ten days after taxation—it may be that the attorney fees claim can be resolved before the time to appeal the final judgment or order expires or before the record is transmitted to the appellate court and briefing commences in the first filed appeal.[6] *See* Wis. Stat. § 808.04(1) (an appeal must be initiated within forty-five days of entry of the final judgment or order when written notice of entry of judgment or order is given or within ninety days of entry if notice is not given); Wis. Stat. Rule 809.11(7) (court reporter has sixty days to file and serve transcripts); Wis. Stat. Rule 809.15(4)(a) (the record is transmitted within twenty days of the filing of the transcript); Wis. Stat. Rule 809.19(1) (the appellant's brief is due within forty days of the filing of the record on appeal). In some cases, the circuit court may "economize its time and postpone fee issues pending the resolution of the underlying merits of a claim on appeal." *Hartman*, 216 Wis. 2d at 435. If the circuit court postpones its assessment of a request for attorney fees until after an appeal, on remand the circuit court may award fees for both the circuit court and appellate court proceedings as may be appropriate.[7] *ACLU*, 155 Wis. 2d at 448.

---

[6] Consolidation of related appeals is permitted under Wis. Stat. Rule 809.10(3). It may also be appropriate to request a stay of appellate proceedings when an attorney fee claim is being actively litigated in the circuit court and the appeal has been filed from the final judgment or order disposing of the litigation.

[7] When the circuit court postpones an assessment of attorney fees, we caution parties to make the appellate court aware that a remand for that purpose is sought. Under Wis. Stat. § 808.09, the circuit court, upon remittitur from an appellate court, has authority without explicit direction to address collateral matters left open in the case, such as costs. *Tiets-*

¶ 11. Although our preference is to have attorney fee disputes decided before an appeal is taken from the final order or judgment disposing of the litigation so that all issues are within one appeal, our preference does not dictate our jurisdiction under WIS. STAT. § 808.03(1). We conclude that the rule set forth in *Leske* applies to a claim for attorney fees based on contract. The prevailing party's claim for an award of attorney fees due under a contract does not affect the finality of a judgment or order that disposes of the entire matter in litigation as to one or more of the parties. Here the February 22, 2016 order dismissing McConley's complaint is a final order appealable as of right and appellate jurisdiction is confirmed.

*By the Court.*—Jurisdiction confirmed.

*worth v. Harley-Davidson, Inc.*, 2007 WI 97, ¶ 32, 303 Wis. 2d 94, 735 N.W.2d 418. However, the parties and the circuit court are perhaps better served by an appellate mandate that allows for a determination of the postponed attorney fee assessment. *See e.g. Benkoski v. Flood*, 2001 WI App 84, ¶ 38, 242 Wis. 2d 652, 626 N.W.2d 851; *Radford v. J.J.B. Enterprises, Ltd.*, 163 Wis. 2d 534, 551, 472 N.W.2d 790 (Ct. App. 1991). Further, it is cumbersome to include a request for appellate attorney fees in the statement of the costs filed with the Clerk of the Court of Appeals under WIS. STAT. RULE 809.25(1)(b)5., because an appellate court does not decide the reasonableness of attorney fees and must remand for that purpose.