**COURT OF APPEALS
DECISION
DATED AND FILED**

**March 5, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2615**

Cir. Ct. No. 2024CV1941

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

HERBAL ASPECT LLC,

PLAINTIFF-APPELLANT,

ALAN ROBINSON,

PLAINTIFF-CO-APPELLANT,

V.

ALEXANDER GISH, MATTHEW NELSON, AND RACHEL CEFALU,

DEFENDANTS-RESPONDENTS.

On consideration of appellate jurisdiction over an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Leave to appeal granted.*

Before Graham, P.J., Blanchard, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  In this opinion we address rules related to this court's appellate jurisdiction and how those rules apply in the specific context of the initial circuit court proceedings regarding a matter headed for arbitration. Central to our analysis are two established propositions: (1) when a party moves to stay an action to allow the parties to arbitrate their dispute, this commences a special proceeding in the circuit court regarding the arbitrability of the dispute, which is related to but distinct from the underlying action; and (2) the order disposing of the motion to stay is a final order in that special proceeding, which may be appealed as of right under WIS. STAT. § 808.03(1) (2023-24).[1]  *See L.G. v. Aurora Residential Alts., Inc.*, 2019 WI 79, ¶¶11-19, 23-26, 387 Wis. 2d 724, 929 N.W.2d 590; WIS. STAT. § 788.02.  In this case, the respondents moved the circuit court for a stay to arbitrate, which commenced a special proceeding to address the motion, and the court granted the motion based on the conclusion that the parties' dispute is arbitrable.  The appellants do not contest that the underlying dispute is arbitrable.

¶2    Instead, the appellants challenge rulings by the circuit court on two other motions that the appellants filed on issues other than arbitrability, which raises the issue of whether this court has jurisdiction to review these two rulings. We conclude that the challenged rulings are not reviewable through an as-of-right appeal, because they were not made in the special proceeding regarding arbitrability, and instead they were nonfinal orders in the underlying action.  At

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

the same time, we separately conclude that it is appropriate for this court to grant leave to appeal by permission concerning the challenged rulings. Accordingly, this court has jurisdiction over the appeal.[2]

## BACKGROUND

¶3    Alan Robinson commenced this civil action by filing a complaint naming Alexander Gish, Matthew Nelson, and Rachel Cefalu as defendants. As we describe in more detail in the discussion below, the underlying dispute involves the ownership and ability to control a company called Herbal Aspect LLC. Robinson sought relief on his own behalf and on behalf of Herbal Aspect. Consistent with Robinson's allegations regarding who properly controls Herbal Aspect, the company is listed as a purported co-plaintiff, bringing claims against Gish, Nelson, and Cefalu.[3]

¶4    The Gish parties moved the circuit court to stay the proceedings until the parties could complete arbitration, pursuant to WIS. STAT. § 788.02.[4]

---

[2] In a separate opinion to be issued later, this court will address the merits of the substantive issues raised based on the merits briefing that has already been filed in this court.

[3] For ease of reference, we use "the Robinson parties" when discussing, in their capacities as parties to this appeal, both Robinson and Robinson's co-appellant, which is the party purporting to act as Herbal Aspect in the circuit court and in this appeal. We use "Herbal Aspect" or "the company" in referring to the business entity at issue. We refer to the defendants collectively, in their capacities as parties to proceedings in the circuit court and in this appeal, as the "Gish parties."

[4] WISCONSIN STAT. § 788.02 ("Stay of action to permit arbitration.") states:

(continued)

¶5 After the stay motion was filed, but before the circuit court held a hearing to address it, the Robinson parties brought the two motions that are at the heart of this appeal. They moved for a preliminary injunction under WIS. STAT. § 813.02(1)(a), seeking to restrain the Gish parties from taking certain actions relating to the management of company resources and employees. In addition, the law firm purporting to represent the company filed a motion on behalf of the company requesting that the court declare that the law firm "was properly retained by the Company and may appear on behalf of Herbal Aspect in this action." We sometimes refer to these two motions brought by the Robinson parties as "the preliminary motions." The Gish parties opposed both of the preliminary motions, arguing in part that the relief they sought was precluded by case law interpreting WIS. STAT. § 788.02.

¶6 The circuit court granted the motion for a stay under WIS. STAT. § 788.02. At the same hearing, the court stated that it was declining to grant either of the preliminary motions. The court determined that it lacked the authority to address either of the preliminary motions because both are intertwined with "substantive matters" that would be decided in arbitration.

---

If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

4

¶7    The circuit court issued a written order memorializing its oral rulings ("the stay order").[5] The Robinson parties appealed the stay order.

¶8    After the merits briefs were filed in this court, this court sua sponte ordered the parties to submit supplemental letter briefs addressing our jurisdiction. *See McConley v. T.C. Visions, Inc.*, 2016 WI App 74, ¶4, 371 Wis. 2d 658, 885 N.W.2d 816 (per curiam) ("It is the duty of this court, notwithstanding the fact that no party has raised the issue, to take notice of its jurisdiction and dismiss an appeal if taken from a nonappealable order."). Pursuant to an order of this court, the parties have addressed whether this court has appellate jurisdiction for an appeal as of right from a final order, and, if it does not, whether this court should grant the Robinson parties leave to appeal by permission pursuant to WIS. STAT. § 808.03(2).

## DISCUSSION

¶9    We begin by explaining our conclusion that the Robinson parties are not permitted to pursue the issues regarding their preliminary motions in this appeal as a matter of right under WIS. STAT. § 808.03(1), and then we explain why we grant them leave to appeal.

¶10    This court interprets and applies statutes de novo, without deferring to circuit court determinations. *See L.G.*, 387 Wis. 2d 724, ¶7. This includes our

---

[5] This was a stay order under WIS. STAT. § 788.02 and not an order to compel arbitration under WIS. STAT. § 788.03. Because the Robinson parties had already commenced this lawsuit by the time the Gish parties sought relief through arbitration, the Robinson parties filed a motion in the circuit court under § 788.02, as opposed to filing a petition in the circuit court to compel arbitration under § 788.03, which is the available route when no lawsuit is pending. *See L.G. v. Aurora Residential Alts., Inc.*, 2019 WI 79, ¶¶13, 16, 387 Wis. 2d 724, 929 N.W.2d 590; *Payday Loan Store of Wis. Inc. v. Krueger*, 2013 WI App 25, ¶10, 346 Wis. 2d 237, 828 N.W.2d 587.

decision as to whether an order is "final" for purposes of WIS. STAT. § 808.03. *See L.G.*, 387 Wis. 2d 724, ¶7 (citing *Admiral Ins. Co. v. Paper Converting Mach. Co.*, 2012 WI 30, ¶22, 339 Wis. 2d 291, 811 N.W.2d 351).

## I.      Appeal as of Right

### A.      Legal Standards

¶11     The following standards are pertinent to the determination of whether the rulings on the preliminary motions are appealable as of right.

¶12     "A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law." WIS. STAT. § 808.03(1).  An order is "final" under the terms of § 808.03(1) if it "disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding."

¶13     "'An action'" is defined as follows: "'an ordinary proceeding in a court of justice by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.'"  *State v. Alger*, 2015 WI 3, ¶28, 360 Wis. 2d 193, 858 N.W.2d 346 (quoted source omitted).

¶14     "Special proceedings" are defined by reference to actions.  A special proceeding "resolves an issue separate and distinct" from what is sometimes referred to as an underlying action, although the special proceeding is "'related' or 'connected'" to the underlying action.  *See L.G.*, 387 Wis. 2d 724, ¶19 (quoting and discussing *State v. Scott*, 2018 WI 74, ¶33, 382 Wis. 2d 476, 914 N.W.2d 141).

6

¶15    Determining finality for purposes of appellate jurisdiction has two parts.[6]

¶16    The first part is defining the scope of "the entire matter in litigation." When there is an action with a connected special proceeding, as here, this part of the determination turns on whether the order at issue is part of the action or, instead, is part of the special proceeding. *L.G.*, 387 Wis. 2d 724, ¶¶10-11; *see also Wellens v. Kahl Ins. Agency, Inc.*, 145 Wis. 2d 66, 69, 426 N.W.2d 41 (Ct. App. 1988) (per curiam) (determining whether an order resolving a motion for relief from judgment under WIS. STAT. § 806.07(1) based on excusable neglect was appealable as of right in part by "decid[ing] which pigeonhole [the] order issued from—action or special proceeding").

¶17    The second part is determining whether, in the action or the special proceeding defined in the first part, the order disposed of the entire matter in litigation as to at least one of the parties. *L.G.*, 387 Wis. 2d 724, ¶¶10-11; *see also Morway v. Morway*, 2025 WI 3, ¶25, 414 Wis. 2d 378, 15 N.W.3d 886 ("A judgment or order disposes of the entire matter in litigation when the text of that judgment or order leaves nothing else to be decided as a matter of substantive

---

[6] A note on terminology. In *L.G.*, our supreme court referred to these parts of the finality analysis as "components." *See L.G.*, 387 Wis. 2d 724, ¶¶10-11. We avoid using this terminology to prevent potential confusion over what we interpret to be a different point made by our supreme court in this context. Specifically, at one point in *Morway v. Morway*, 2025 WI 3, ¶25, 414 Wis. 2d 378, 15 N.W.3d 886, the court referred to the fact that prior case law regarding finality had characterized the finality inquiry as having "'two components'" in a *different* sense. *See id.*, ¶20 n.10 (quoting *Harder v. Pfitzinger*, 2004 WI 102, ¶12, 274 Wis. 2d 324, 682 N.W.2d 398). The different sense noted in *Morway* was that prior case law had taken into account the circuit court's "intent," in addition to the text of the order at issue, but that the separate "intent" "component" of the inquiry was eliminated by the supreme court in *Harder*. *See id.* We do not interpret *Morway* to have modified or abrogated any relevant point made in *L.G.* that we discuss in the text.

law."). This determination "is based on the text of the judgment or order at issue," and is not based on "the subsequent actions taken by the circuit court nor the court's intent." *See **Morway***, 414 Wis. 2d 378, ¶¶20, 25.

¶18 Also relevant here is the rule that an appeal from a final order under WIS. STAT. § 808.03(1) "brings before" this court "all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon." WIS. STAT. RULE 809.10(4).

¶19 Given the legal standards that we have just summarized, we are presented here with four relevant questions, the first of which is settled.

¶20 Was the circuit court's order granting a stay for arbitration a final order in the arbitration special proceeding? The parties do not dispute that the answer is yes, and we agree. But we explain this point to provide context for the other three questions.

¶21 Were the circuit court's rulings on the preliminary motions made in the special proceeding on arbitrability? We explain below why we conclude that they were not. The Robinson parties do not argue that these rulings were made in some other kind of special proceeding not related to arbitrability. Thus, at least as argued by the parties here, the preliminary rulings were made in the underlying action.

¶22 Were the preliminary motion rulings final orders made in the action? We explain below why we conclude that they were not.

¶23    Are the rulings nonetheless reviewable under the "brings before" rule of WIS. STAT. RULE 809.10(4) for nonfinal orders?  We explain below why we conclude that they are not.

### B.    The Stay Order is Final

¶24    It is undisputed that, under *L.G.*, the circuit court's decision to grant a stay was a final order resolving a special proceeding on arbitrability.  This is because that order completely resolved the narrow arbitrability issue presented in the special proceeding by staying the underlying case while arbitration proceeds, without the need for later rulings on that topic.

¶25    In *L.G.*, our supreme court addressed the finality, for purposes of determining appellate jurisdiction, of a circuit court order that denied a defendant's motion to stay circuit court proceedings pending arbitration.  *See L.G.*, 387 Wis. 2d 724, ¶¶4, 8.[7]  Regarding the first part of the finality inquiry, the *L.G.* court concluded that a motion to stay an action under WIS. STAT. § 788.02 commences a special proceeding that is separate from, but related to, the underlying action in which the application is made.  *See L.G.*, 387 Wis. 2d 724, ¶¶17-18.  Specifically, such motions address the "discrete" issue of arbitrability, and are "mechanisms" that are "limited to determining whether there is an enforceable arbitration agreement, and ensuring the parties abide by its terms."  *Id.*, ¶¶17, 24.  "The circuit court's resolution of the application [for a stay] is

---

[7] The Gish parties here, like the defendant who moved for a stay in *L.G.*, styled their request to the circuit court for a stay under WIS. STAT. § 788.02 as a "motion" instead of an "application," the label used by § 788.02.  *See L.G.*, 387 Wis. 2d 724, ¶23 n.10.  But, as noted in *L.G.*, this difference in labeling does not affect the finality analysis.  *See id.*

entirely self-contained, inasmuch as it simply determines the forum for resolution of the dispute without addressing the dispute's merits." *Id.*

¶26 Regarding the second part of the finality inquiry, the circuit court order at issue in *L.G.* "disposed of the entire matter in controversy between [the parties] in the WIS. STAT. § 788.02 special proceeding." *L.G.*, 387 Wis. 2d 724, ¶26. This was because the order denied the defendant's motion to stay the action and did "not contemplate any future circuit court action with respect to issues potentially encompassed by § 788.02." *See L.G.*, 387 Wis. 2d 724, ¶¶25-26.

¶27 Applying here the reasoning in *L.G.*, the circuit court's stay order is a final order because it resolved the Gish parties' motion for arbitration under WIS. STAT. § 788.02. The Gish parties' motion commenced a special proceeding regarding the arbitrability of the underlying dispute. They alleged, without dispute by the Robinson parties, that the operating agreement contained an arbitration clause requiring arbitration of the underlying dispute. As noted above, the court granted the stay of the underlying dispute. Neither party suggests that the fact that the court granted the motion to stay, instead of denying it, changes how the reasoning in *L.G.* applies here, even though the circuit court in *L.G.* denied the stay. This is consistent with language in *L.G.* that frames one of its conclusions in terms not specific to granting or denying a motion under § 788.02. *See L.G.*, 387 Wis. 2d 724, ¶26 n.12 ("we conclude that a circuit court order resolving an application to compel arbitration … is final for the purposes of appeal"). What

10

matters here is that, with the court's granting of the stay, there would be no need for the court to revisit the arbitrability issue. *See id.*, ¶26.[8]

¶28 Thus, this court has jurisdiction over a timely, as-of-right appeal from the stay order under WIS. STAT. § 808.03(1), at least to the extent that it resolves the issue of arbitrability.

### C. The Preliminary Motions Rulings Were Not Part of the Special Proceeding

¶29 We turn to the issue of whether the circuit court's rulings on the preliminary motions are reviewable in an as-of-right appeal of the final order in the arbitration special proceeding. We explain below why we conclude that each of the following supports our bottom line that the court's rulings on the preliminary motions are not part of the special proceeding on arbitrability: the nature of the relief sought in the preliminary motions; the grounds for relief stated in the motions; and the text of the stay order resolving the motions. In taking into account these particular considerations, we follow the discussion in the case law addressing the distinction between special proceedings and underlying actions. *See, e.g.*, *L.G.*, 387 Wis. 2d 724, ¶¶11-19 (discussing the nature of relief sought in an application for a stay under WIS. STAT. § 788.02 to determine if order denying

---

[8] We note that, while federal court case law interpreting the Federal Arbitration Act can provide persuasive authority on some issues involving Wisconsin's arbitration statutes, that is not the case here, because the federal and Wisconsin statutory schemes vary regarding what is immediately appealable. *See U.S. Bank Nat'l Ass'n v. Klein*, 2024 WI App 7, ¶12 n.4, 410 Wis. 2d 598, 3 N.W.3d 726 ("Wisconsin courts, when interpreting the Wisconsin Arbitration Act, routinely rely on federal cases interpreting the Federal Arbitration Act" because the acts "are substantively identical."); *but see* 9 USCA § 16(a)(1)(A)-(B), (b)(1)-(2) (specifying that denials of motions to stay for arbitration or compel arbitration may be appealed but that grants of such motions may not be appealed with a limited exception); WIS. STAT. § 788.15 (allowing an appeal from various court orders related to arbitration but without addressing stays to arbitrate or orders compelling arbitration).

stay was made in a special proceeding); *Wellens*, 145 Wis. 2d at 69 (concluding that WIS. STAT. § 806.07 motions based on excusable neglect are part of "the context of the action which produced the judgment," relying in part on the text of § 806.07(2)). Although we deem the nature and grounds for relief sought by the preliminary motions, along with the text of the stay order, to be dispositive on this issue, we caution that we do not mean to suggest that in future cases other relevant considerations may not arise depending on the nature of the litigation.

¶30 *L.G.* provides important context in analyzing the preliminary motions and their resolution. In a special proceeding on arbitrability, a circuit court does "nothing more than determine whether the parties must arbitrate their dispute, and then ensure" that the parties do so. *See L.G.*, 387 Wis. 2d 724, ¶¶16-17. The circuit court here was required to dispose of the special proceeding by "determin[ing] the forum for resolution of the dispute without addressing the dispute's merits." *See id.*, ¶17. Bearing in mind this understanding of the special proceeding, we address in turn the two preliminary motions and the pertinent text of the stay order.

*Motion for Preliminary Injunction*

¶31 The following is additional background regarding the Robinson parties' preliminary injunction motion. Their complaint alleged that the Gish parties purported to remove Robinson from his roles as majority LLC member, board member, and president of Herbal Aspect through actions that failed to comply with proper procedures under the company's operating agreement. Based on these allegations, the complaint contains nine causes of action against the Gish parties. This includes a claim for declaratory relief, asking for an order declaring

in part that Robinson remains the true majority member, and the president of, Herbal Aspect.

¶32 The Robinson parties brought their motion for an injunction under WIS. STAT. § 813.02(1)(a).[9] The motion sought numerous forms of restraint relating to the management and control of the company. For example, the injunction motion sought to restrain the Gish parties from "[t]aking any action as purported directors" or officers of the company. The motion did not seek injunctive relief related to the special proceeding on arbitrability. That is, the Robinson parties hoped to obtain injunctive relief that would not depend on whether any of the disputes in the underlying action would be decided in arbitration, or instead remained in the circuit court. And, more broadly, to repeat,

---

[9] WISCONSIN STAT. § 813.02(1)(a) states:

> When it appears from a party's pleading that the party is entitled to judgment and any part thereof consists in restraining some act, the commission or continuance of which during the litigation would injure the party, or when during the litigation it shall appear that a party is doing or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act.

Courts have interpreted this language to require that the movant demonstrate the following:

> (1) the movant is likely to suffer irreparable harm if a temporary injunction is not issued; (2) the movant has no other adequate remedy at law; (3) a temporary injunction is necessary to preserve the status quo; and (4) the movant has a reasonable probability of success on the merits.

See *Milwaukee Deputy Sheriffs' Ass'n v. Milwaukee County*, 2016 WI App 56, ¶20, 370 Wis. 2d 644, 883 N.W.2d 154 (citing *Werner v. A.L. Grootemaat & Sons, Inc.*, 80 Wis. 2d 513, 520-21, 259 N.W.2d 310 (1977)).

the Robinson parties never contested the arbitrability of any of their underlying claims.

¶33 The grounds for relief in support of the injunction motion depend on the merits of the Robinson parties' underlying claims. More specifically, the Robinson parties' arguments in the circuit court in favor of injunctive relief largely rested on language in the operating agreement regarding the proper procedures for removing members of the company as an LLC. Consistent with the Robinson parties' position of not contesting the arbitrability of any particular dispute, they did not make any argument in favor of an injunction that rested on the arbitration clause at issue. In sum, the injunction motion bore directly on the merits of the Robinson parties' claims in the underlying action, and not at all on the merits of arbitrability.

¶34 Applying the pertinent language in WIS. STAT. § 808.03(1), along with related propositions from case law noted above, we conclude that the relief requested and the grounds for that request in the injunction motion show that it was not part of the special proceeding on arbitrability. Stated in terms of WIS. STAT. § 813.02(1)(a) and related case law, the injunction motion sought to establish that the Robinson parties appear to be "entitled to judgment" or have a "reasonable probability of success" in the underlying action. *See supra* note 9. In the special proceeding, the "judgment" or "success" sought would be an outcome related to whether the parties would arbitrate their dispute, but the Robinson parties' injunction motion took no position on any such outcome.

¶35 The Robinson parties argue that the injunction motion was part of the special proceeding on arbitrability because, had the circuit court reached the merits of the motion and granted an injunction, it "would take effect during the

14

special … proceedings." This argument fails for at least the reason that it rests on the premise that in any such scenario, assuming that the injunctive relief is sought and granted in the underlying action, that relief can be treated as part of the special proceeding for purposes of WIS. STAT. § 808.03(1) so long as the injunction remains in effect while the special proceeding is being litigated. The Robinson parties do not direct us to any legal authority supporting this premise.

¶36 And in any case, the premise is inconsistent with *L.G.*'s discussion of special proceedings as being related to, but still in fact separate from, underlying actions. The fact that relief granted in one may affect the other is to be expected, given that they are related. But if one were to weigh heavily the potential for the related proceedings to merely affect each other in some practical way in determining the boundary between the action and the special proceeding, it would effectively erase the strong distinction that *L.G.* draws between underlying actions and special proceedings. Under the Robinson parties' logic, contrary to the discussion in *L.G.*, the fact that special proceedings on arbitrability ultimately determine who resolves the parties' underlying dispute renders the underlying dispute part of the special proceedings. *See L.G.*, 387 Wis. 2d 724, ¶¶11, 15-17 (distinguishing between the role of a circuit court in a special proceeding on arbitrability to determine the forum for resolving a dispute from the actual resolution of that dispute, either in court or in arbitration).

¶37 For similar reasons, it does not help the Robinson parties to characterize their appeal as challenging the circuit court's decision to issue a stay without also granting either injunctive relief or the counsel-related relief in the other preliminary motion. This characterization of their appeal does not advance the ball for the Robinson parties. Assuming that the Robinson parties had hoped that the court would render favorable outcomes for them on the preliminary

motions while the special proceeding on arbitration was still pending, this does not mean that the rulings on the preliminary motions are a part of the special proceeding.

*Motion for Declaration Regarding Counsel for the Company*

¶38    As background to this topic, Meissner Tierney Fisher & Nichols ("the law firm") has purported to represent the company as its counsel in pursuing this lawsuit against the Gish parties.  Counsel for the Gish parties filed pleadings that included a "prefatory objection" to Robinson purporting to authorize Herbal Aspect to join suit with the law firm as its counsel.  As noted, the law firm brought a motion seeking a declaration from the circuit court that the law firm was properly authorized to represent the company.

¶39    In its brief to the circuit court supporting that motion, the law firm argued that the court had the inherent authority to resolve who could properly retain counsel for the company.  The law firm's brief also asserted that the court needed to resolve any dispute about representation before "any other aspect of this case can be addressed," including the Gish parties' motion for a stay.  But the law firm took no stance on the arbitrability of any issue.  Instead, it directly addressed the merits of the underlying dispute, grounding its request for relief in arguments regarding who could properly direct the retention of litigation counsel for the company.  Further, the law firm's motion regarding retention of counsel requested relief that the Robinson parties hoped to achieve regardless of whether any of their claims came to be arbitrated or instead remained in the circuit court.  For these reasons, and again applying the legal standards noted above, we conclude that the law firm's motion regarding retention of counsel was not made in the special proceeding.

*Text of Stay Order*

¶40    Although it is unclear, the Robinson parties may intend to make two arguments related to the text of the stay order.  The first possible argument would involve the fact that the circuit court used the same document both to order the stay and to decline to grant the preliminary motions.  The contention may be that this supports a conclusion that the rulings on the preliminary motions were made as part of the final order in the arbitration special proceeding.  The second and related possible argument would be that, because the stay order was based on the reasoning that the preliminary motions themselves were arbitrable, those rulings were made in the special proceeding.  We now explain why the text of the document containing the stay order does not support the conclusion that the preliminary motions are a part of the special proceeding.  *See L.G.*, 387 Wis. 2d 724, ¶25 (concluding that circuit court's resolution of motion to stay for arbitration "remained within the boundaries of the special proceeding" based on the order's text).

¶41    The circuit court's stay order stated the following:

> [The Robinson parties] having filed [the complaint], a motion purporting to be on behalf of Herbal Aspect LLC to Declare that [the law firm] May Appear as Counsel for Herbal Aspect LLC, and [the Robinson parties'] Joint Motion for Preliminary Injunctive Relief; [the Gish parties] having filed a Motion to Stay Proceedings and Order Arbitration; and a hearing having been held …; for the reasons … stated by the Court on the record:
>
> IT IS HEREBY ORDERED THAT [the Gish parties'] Motion to Stay Proceedings and Order Arbitration is granted and the parties are ordered to arbitrate this matter including [the Robinson parties'] claims and motions pursuant to the arbitration provision of the Herbal Aspect LLC Operating Agreement.

> This is a final appealable order for purposes of WIS.
> STAT. § 808.03(1)[.]

(Record citations omitted.)[10]

¶42     In light of the setup in the first paragraph of this text, the only reasonable interpretation of the reference to the Robinson parties' "claims" in the second paragraph is as a reference to their claims against the Gish parties as stated in the complaint that commenced the underlying action.  Similarly, the circuit court's reference to the Robinson parties' "motions" could only reasonably mean the preliminary motions, which were the only motions brought by the Robinson parties.  Thus, the court lumped together here the Robinson parties' substantive claims and preliminary motions as part of the proceedings that would be stayed and arbitrated.  In this sense, the court treated the preliminary motions as parts of the underlying action that would not be resolved in the circuit court, as a consequence of its decision in the special proceeding that concluded with the granting of a stay for arbitration.  In sum, the text shows that the court was addressing matters within the action and resolving the special proceeding on arbitrability.

¶43     *L.G.* makes clear that a single written document issued by a circuit court can contain what are, for purposes of WIS. STAT. § 808.03(1), one or more

---

[10] The circuit court included a finality statement in the stay order.  *See Morway*, 414 Wis. 2d 378, ¶25 ("Circuit courts are required to indicate that their final judgments and orders are final for purposes of appeal with a finality statement.").  This is consistent with the undisputed point that the court's grant of a stay was itself a final order made in the special proceeding.  But the presence of the statement is not dispositive regarding the court's rulings on the preliminary motions.  It is not dispositive because, finality statement or not, for the reasons explained in the text, we conclude that the stay order was unambiguous both in making a final decision in the special proceedings and in not making a final decision in the underlying action.  *See id.*, ¶¶23-25 (defects regarding finality statements do not make an unambiguously nonfinal order final).

orders in an action and one or more orders in a special proceeding. In *L.G.*, the circuit court order at issue resolved three motions, but our supreme court addressed only one as a final order, namely, the circuit court's resolution of a special proceeding on arbitrability initiated by a motion for a stay under WIS. STAT. § 788.02.[11] More generally, given the separate-from-but-connected-to relationship between the underlying actions and special proceedings, a circuit court presiding over both an action and a related special proceeding will at times dispose of matters arising from both the action and the related special proceeding. And we see nothing in § 808.03(1) or *L.G.* to suggest that, when a circuit court uses a single written document to do so, it blurs the line between the action and the special proceeding for purposes of finality. Instead, following the logic of *L.G.*, in applying § 808.03(1) we are mindful that a single document issued by a court might, for jurisdictional purposes, contain multiple orders from different types of circuit court proceedings; that is, a single document styled as an order might contain at least one order each from both an action and from one or more special proceedings.

¶44 Turning to the Robinson parties' possible argument about the circuit court's reasoning, this argument is resolved by our discussion above. To repeat, the Robinson parties may intend to emphasize that the court's reasoning for

_____

[11] As context for our interpretation of *L.G.*, we note that the case involved a final order that was made in a special proceeding and also at least one order that was not made in the special proceeding. In *L.G.*, our supreme court noted that the circuit court order at issue in the appeal also decided an insurer-party's motion to bifurcate and stay litigation on insurance matters and a motion for a protective order related to discovery issues. *See L.G.*, 387 Wis. 2d 724, ¶4 n.3. Our supreme court did not explicitly state that these other motions were made and resolved outside of the special proceeding on arbitrability, but it is clear that at least the insurance-related motion had no apparent relationship to the issue of whether the non-insurer parties had agreed to arbitrate the underlying dispute.

19

declining to grant the preliminary motions was based on the court's determination that the motions themselves were arbitrable. The arbitration of disputes that were raised in an underlying action is, of course, a result of an arbitration order issued in a special proceeding. But, as we note above, *L.G.* demonstrates that such an order does not render those disputes part of the special proceeding and instead it only determines who will decide the merits of the disputes. *See L.G.*, 387 Wis. 2d 724, ¶¶15, 17 (circuit court in special proceeding on arbitrability "determines the forum for resolution of the dispute without addressing the dispute's merits").

### D. The Preliminary Motions Rulings Were Not Final Orders in the Underlying Action

¶45 Having explained why we conclude that the circuit court's rulings on the preliminary motions were not a part of the special proceeding addressing the arbitration stay motion, we now explain why we conclude that the rulings regarding the preliminary motions were not final rulings in the underlying action because the rulings did not dispose of the entire matter being litigated in the action as to any party.

¶46 As we have already noted, the Robinson parties do not argue in the alternative that the circuit court's rulings on the preliminary motions were made in a special proceeding on a topic other than arbitrability. That is, they do not contend that either preliminary motion commenced a special proceeding regarding the following topics: potentially enjoining the Gish parties on a temporary basis under WIS. STAT. § 813.02(1) on matters relating to control of the company; or legal representation of one of the parties. In effect, the Robinson parties concede that, if the preliminary order rulings were not made in a special proceeding on arbitrability, they were instead made in the underlying action.

20

¶47　Nevertheless, the Robinson parties suggest that these rulings were final because the circuit court stayed the action and concluded that it could not grant the preliminary motions. Therefore, the argument proceeds, the court "did not leave anything [further] to be determined," meaning that there was nothing further to be determined in the circuit court either in the special proceeding or the underlying action. But when the preliminary motions are understood to be part of the underlying action, it is clear that the court's rulings on them are not final. Neither ruling disposed of the entire matter of the Robinson parties' merits claims against the Gish parties. *See* WIS. STAT. § 808.03(1); *L.G.*, 387 Wis. 2d 724, ¶11 (stating that if the motion to stay for arbitration was part of the underlying action, "then there can be no disposition of the 'entire matter in litigation' until the question of … alleged liability … has been answered"). Instead, the merits claims are what has been stayed pending arbitration.

¶48　Further, neither of the circuit court's rulings on the preliminary motions were what case law refers to as the "last document in the litigation" of the Robinson parties' merits claims, from which an appeal from the underlying action could be taken. *See Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶27, 299 Wis. 2d 723, 728 N.W.2d 670 (one factor in determining finality under WIS. STAT. § 808.03(1) is "whether the document is final because it is the last document in the litigation, which is to say that the circuit court did not contemplate a subsequent document from which an appeal could be taken"); *L.G.*, 387 Wis. 2d 724, ¶26 (order denying stay for arbitration was final in part because it did "not contemplate any future circuit court action with respect to issues potentially encompassed by [WIS. STAT. §] 788.02"). Although the court granted an uncontested motion for a stay of the underlying action to arbitrate the merits of the Robinson parties' claims, the Wisconsin Arbitration Act retains for circuit courts possible roles in

21

issuing appealable orders following arbitration awards. *See* WIS. STAT. §§ 788.09-.11 (describing circuit court authority to confirm, vacate, or modify arbitration award); WIS. STAT. § 788.12 (An appeal may be taken from an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action."). We note that, even absent one of these particular kinds of motions, a party may seek dismissal of the underlying action in connection with the case being referred to or completing arbitration, though we express no view on when granting such relief would be appropriate. *See **U.S. Bank Nat'l Ass'n v. Klein***, 2024 WI App 7, ¶12 n.5, 410 Wis. 2d 598, 3 N.W.3d 726 (noting, without taking a position on, federal circuit court split on whether district courts "retain discretion to dismiss actions after all claims have been referred to arbitration" under federal analog to WIS. STAT. § 788.02).

### E. The Final Order in the Special Proceeding Does Not Bring Up for Appeal Nonfinal Orders from the Underlying Action

¶49 We now explain why we conclude that, under case law applying WIS. STAT. RULE 809.10(4), an as-of-right appeal from the circuit court order granting a stay for arbitration—which is the only final order in this case—does not bring before this court nonfinal rulings made in the underlying action. This conclusion means that, at this juncture, the preliminary motion rulings are not reviewable through an as-of-right appeal.

¶50 As noted, under WIS. STAT. RULE 809.10(4), "[a]n appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon." As this court has explained, however, "[a]n appeal from a final order brings up for review only

non-final orders *pertinent to the action or proceeding* in which the final order was entered." *See State v. Heyer*, 174 Wis. 2d 164, 168, 496 N.W.2d 779 (Ct. App. 1993) (emphasis added). "Pertinent to" is further clarified to mean that nonfinal orders, in order to be reviewable under RULE 809.10(4), must be "brought up by appeal from a final order in the *same* action or proceeding." *See Heyer*, 174 Wis. 2d at 168 n.3 (emphasis in *Heyer*).

¶51 Also instructive is our supreme court's discussion in *Sanders v. Estate of Sanders*, 2008 WI 63, 310 Wis. 2d 175, 750 N.W.2d 806. In that opinion, our supreme court noted that "the probate of an estate is a series of special proceedings, which are terminated with a series of orders that are final orders for the purposes of an appeal." *Id.*, ¶26. In this context, the *Sanders* court identified a series of issues in a dispute between the estate and the decedent's spouse over real estate as a "real estate special proceeding." *See id.*, ¶¶6, 8-10, 29. The supreme court identified what it considered to be the circuit court's final order in that special proceeding, analyzing the order's finality. *See id.*, ¶¶38-41. As part of this discussion, the supreme court observed that the appeal of the final order made in the real estate special proceedings "had the effect of bringing" up on appeal the resolution of "all of the real estate issues" addressed by the circuit court as part of the larger probate of the estate. *Id.*, ¶41 n.5. This was because, under WIS. STAT. RULE 809.10(4), these issues consisted of "prior nonfinal judgments, orders, or rulings … *in the real estate special proceeding*." *See id.* (emphasis added). Although the supreme court did not definitively state that issues raised in other special proceedings arising out of the same probate case could not be brought up on appeal under RULE 809.10(4), this approach is heavily implied, and the approach is consistent with the reasoning in *Heyer*.

¶52     This approach is consistent with WIS. STAT. RULE 809.10(4), which establishes the reviewability of nonfinal judgments or orders "made in *the* action or proceeding" (emphasis added).  This language establishes that the applicability of the rule turns on which specific circuit court proceeding the nonfinal order was entered in, regardless whether the final order or judgment appealed from arose in an action or a special proceeding.  *See **State v. Arberry***, 2018 WI 7, ¶19, 379 Wis. 2d 254, 905 N.W.2d 832 (definite article "the" is often used to indicate that the following noun is a specified instance of the noun).  Moreover, this approach fits the logic articulated in ***L.G.*** that, for finality purposes, special proceedings are related to underlying actions, but the special proceedings address issues separate and distinct from the underlying actions.  *See **L.G.***, 387 Wis. 2d 724, ¶19.   In short, for a nonfinal order to be reviewable as a matter of right, the order must have been made in the same action or special proceeding as the final judgment or order that is appealable as a matter of right.

¶53     In sum on this issue, we conclude that WIS. STAT. § 808.03(1) does not give this court jurisdiction over an appeal of the circuit court's rulings on the preliminary motions in the underlying action.  *See **L.G.***, 387 Wis. 2d 724, ¶9 (court of appeals "'lacks jurisdiction over an appeal [as of right] brought from a nonfinal judgment or order'" (quoting ***McConley***, 371 Wis. 2d 658, ¶3) (alteration in ***L.G.***)).

¶54     But this lack of jurisdiction is not dispositive here because, as we now discuss, we asked the parties to address whether this court should acquire jurisdiction over the appeal through WIS. STAT. § 808.03(2).

## II.     Leave to Appeal by Permission

¶55     Before we explain why we grant leave to appeal by permission the preliminary motion rulings, we address the fact that the Robinson parties have not timely sought leave to appeal those rulings.  Instead, consistent with their arguments regarding WIS. STAT. § 808.03(1), addressed above, they filed only an appeal of the stay order on an as-of-right basis, well after the deadline to seek leave to appeal under § 808.03(2).  *See* WIS. STAT. RULE 809.50(1) ("A person shall seek leave of [this] court to appeal a judgment or order not appealable as of right under [§] 808.03(1) … within 14 days after the entry of the judgment or order.").  Likewise, if one construes the Robinson parties' letter briefs as a request for permission to appeal nonfinal orders, there is no dispute that their request is late.

¶56     This is not necessarily the end of the line for an appeal of these issues now, however, because this court may, "upon its own motion or upon good cause shown by motion," "enlarge … the time prescribed by the[] rules [in WIS. STAT. ch. 809] … for doing any act, or waive or permit an act to be done after the expiration of the prescribed time."  WIS. STAT. RULE 809.82(2)(a).

¶57     We conclude under all of the circumstances that there is good cause to waive the lack of timeliness.  Neither the Robinson parties, nor the Gish parties, identified an issue related to appellate jurisdiction before this court identified the issue sua sponte, after the parties had fully briefed the case on the merits.

¶58     The Gish parties might intend to argue that the Robinson parties' failure to comply with the deadline to seek leave to appeal deprives this court of jurisdiction over any such appeal, and to suggest that this court lacks authority to exercise its power to excuse compliance with the deadline under these

circumstances. *See* WIS. STAT. RULE 809.10(1)(e) ("The filing of a timely notice of appeal is necessary to give the court jurisdiction over the appeal."); ***State v. Sorenson***, 2000 WI 43, ¶16, 234 Wis. 2d 648, 611 N.W.2d 240 (court of appeals must dismiss appeals over which it has no jurisdiction). To the contrary, however, our supreme court has stated that the timeliness of a *petition for leave to appeal nonfinal orders* presents a "non-jurisdictional" issue, and therefore this court has the authority to excuse noncompliance. *See **State v. Polashek***, 2002 WI 74, ¶16, 253 Wis. 2d 527, 646 N.W.2d 330; *see also* WIS. STAT. RULE 809.82(2)(b) (court may not enlarge "time for filing notice of appeal … *of a final judgment* in cases other than those appealed under WIS. STAT. RULES 809.107 and 809.30 (emphasis added)).

¶59 The Gish parties further argue that it was unreasonable for the Robinson parties to think that their challenge to the preliminary motion rulings was reviewable through an as-of-right appeal. As part of this argument, the Gish parties contend that the Robinson parties should have understood that the relief they seek is "entirely unrelated" to the only final order in this case, namely, the final order in the special proceeding on arbitrability. In the alternative, the Gish parties contend that, even if the Robinson parties were reasonably mistaken about how to appeal the rulings that they now challenge, their "ignorance of the law cannot be a defense for failing to meet an appellate deadline." While it is true that we reject each of the Robinson parties' arguments that they are able to pursue their appeal through WIS. STAT. § 808.03(1), the Gish parties' points do not alter our overall view of the circumstances as justifying leave to appeal under § 808.03(2). As our discussion of the as-of-right appeal issue demonstrates, resolving that issue requires an application of the principles articulated in ***L.G.*** and other cases regarding § 808.03(1) to a new set of facts.

¶60    Turning to the leave issue, on review of the parties' letter briefing regarding the criteria in WIS. STAT. § 808.03(2), we conclude that granting leave is appropriate under the statutory standards.[12]

¶61    The Gish parties argue that a permissive appeal under WIS. STAT. § 808.03(2) cannot be obtained as to the circuit court's rulings on the Robinson parties' preliminary motions, because the rulings do not constitute "a judgment or order" for purposes of that statute. The argument is that the circuit court did not deny the motions, but only determined that the court could not rule on them one way or another. This argument fails for at least the reason that the Gish parties do not provide legal authority supporting the proposition that a nonfinal order must be labeled as a "denial" in order for this court to grant leave to appeal under the criteria listed in § 808.03(2)(a)-(c). Further, we reject the explicit premise of this argument that the circuit court did not in fact deny the Robinson parties' motions under the circumstances here. The court declined, on an indefinite basis, to grant the requested relief on the grounds that the court lacked the authority to reach the

---

[12] Under WIS. STAT. § 808.03(2), "[a] judgment or order not appealable as a matter of right under" § 808.03(1) "may be appealed to the court of appeals in advance of a final judgment or order upon leave granted by the court." For this court to grant leave, we must determine that the appeal of the nonfinal order will do one of the following:

> **(a)** Materially advance the termination of the litigation or clarify further proceedings in the litigation;
>
> **(b)** Protect the petitioner from substantial or irreparable injury; or
>
> **(c)** Clarify an issue of general importance in the administration of justice.

§ 808.03(2).

merits of the motions and grant them. The Gish parties do not dispute that this aggrieved the Robinson parties.

¶62    The Gish parties further assert that WIS. STAT. § 808.03(2) cannot authorize the Robinson parties' request for leave to appeal because this request came "well after a final judgment." *See* § 808.03(2) ("A judgment or order not appealable as a matter of right … may be appealed to the court of appeals *in advance of a final judgment or order ….*" (emphasis added)). This argument fails because, for the reasons we have explained above, the Robinson parties seek review of nonfinal orders that were made in the underlying action, which has not proceeded to a final judgment or order, in contrast to the special proceeding on arbitrability, which has.

## CONCLUSION

¶63    For all of these reasons, we conclude that this court would lack jurisdiction to review the rulings on the preliminary motions absent a grant of leave to appeal, but that this court has jurisdiction over these issues because we now grant leave to appeal under WIS. STAT. § 808.03(2).

*By the Court*.—Leave to appeal granted.

Recommended for publication in the official reports.